■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK C. KELLER, Appellant. [612 NYS2d 251] —Weiss, J. Appeal from a judgment of the County Court of Fulton County (Lomanto, J.), rendered August 14, 1992, upon a verdict convicting defendant of the crime of endangering the welfare of a child.

Defendant was indicted on three felony counts of sodomy in the second degree and the misdemeanor of endangering the welfare of a child as a result of his sexual conduct with a 12 to 13-year-old boy (hereinafter the victim) during the period of July 1989 to November 1989. After trial, defendant was acquitted on all counts except the charge of endangering the welfare of a child. On this appeal, defendant contends that his acquittal on the sodomy charges necessarily removed the elements of endangering the welfare of a child upon which he was found guilty. We disagree. The allegations in the indictment were not limited to sexual misconduct but also included charges that he provided the victim with alcoholic beverages and with cigarettes. After reviewing the proof in a light most favorable to the People, we conclude that a rational trier of the facts could have found present the essential elements of the crime, which included providing the alcoholic beverages, beyond a reasonable doubt (see, People v Contes, 60 NY2d 620, 621; see also, People v Thompson, 72 NY2d 410, 413; People v Bleakley, 69 NY2d 490, 495; People v Keindl, 68 NY2d 410, 421; People v Charles, 61 NY2d 321, 327-328).

Nevertheless, we hold that reversal and a new trial are

necessitated. At trial, the People introduced evidence, over defendant's objection on relevancy grounds, that defendant permitted the victim to drive a motor vehicle and to shoot firearms. This conduct was not set forth in the indictment. County Court overruled defendant's further objection when it included that same conduct within its instructions to the jury on the charge of endangering the welfare of a child. The People injected evidence during the trial of the additional conduct, without having provided defendant with fair notice and an opportunity to prepare a proper defense. It is not permissible for the People to proceed to trial and then present evidence to prove criminal conduct as the basis of the charged crime that is significantly different from the conduct alleged in the indictment *(People v Grega,* 72 NY2d 489, 498-500; *People v Powell,* 153 AD2d 54, 57-58, *lv denied* 75 NY2d 969; *see, People v Smith,* 161 AD2d 1160, 1161, *lv denied* 76 NY2d 865).

Defendant's remaining arguments, addressing evidentiary issues relating solely to the counts of which he was acquitted, need not be reached.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Fulton County for a new trial on the fourth count of the indictment to the extent that it does not allege conduct of which defendant was acquitted.