■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN M. SEYMOUR, Appellant. [788 NYS2d 260]—

Kane, J. Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered April 28, 2003, convicting defendant upon his plea of guilty of two counts of the crime of sexual abuse in the first degree.

After receiving information that defendant had sexually abused a minor, two investigators attempted to locate defendant to take him in for questioning. They located him and saw him enter a building. The investigators went to the doorway of the building, identified themselves and asked defendant to come outside to talk to them. Defendant inquired as to why the investigators wished to speak with him, but was informed that he would be told outside. Once outside, the investigators told defendant that they needed him to go to the police station to speak with them regarding an investigation, but when defendant asked the nature of the investigation, they stated that they would tell him at the station. Defendant accompanied them to their unmarked car and got in the back seat. Once inside the vehicle, when defendant again inquired as to the reason he needed to speak to them, he was again told to wait until they reached the station. An investigator read defendant his *Miranda* rights and defendant acknowledged that he understood them and would speak with them, but no questioning regarding the alleged crimes occurred. At the county office building, defendant was led into an interview room, informed that the interview would be videotaped and was again informed of his *Miranda* rights. Defendant responded that he understood those rights and would speak with the investigators. Only at that time did the investigators inform him that the minor had accused him of sexual conduct. As the interview progressed, defendant made incriminating statements. At the end of the interview, defendant was arrested.

A grand jury indicted defendant on multiple counts of sex crimes. Defendant moved to suppress the videotaped statements as involuntary and the fruit of an unconstitutional detention. County Court determined that defendant was in custody when he entered the police vehicle, but that the police had probable cause to make an arrest based upon the victim's statements, and that defendant knowingly and voluntarily waived his *Miranda* rights. The court thus denied the suppression motion. Defendant then pleaded guilty to two counts of sexual abuse in

the first degree in full satisfaction of the indictment and was sentenced to two concurrent prison terms of five years. Defendant appeals based on the court's suppression determination.

Defendant initially contends that his rights were violated when the police failed to advise him of the reason for his arrest at the time he entered the police vehicle. Arresting officers are required to inform a defendant of their authority to make an arrest and the reason for such arrest when a warrantless arrest is effected (*see* CPL 140.15 [2]). Although County Court properly found that defendant was in custody for *Miranda* purposes, defendant was not in fact arrested so as to trigger the requirements of CPL 140.15 (2).

Defendant's statements were given after he knowingly and voluntarily waived his *Miranda* rights. A valid waiver of such rights is established if defendant "understood the immediate meaning of the warnings" (*People v Williams*, 62 NY2d 285, 287 [1984]). Courts look at the totality of the circumstances, "including an evaluation of the defendant's age, experience, education, background, intelligence and capacity to understand the warnings given him, the nature of his 5th Amendment rights and the consequences of waiving those rights" (*People v Morton*, 116 AD2d 925, 926 [1986], *lv denied* 67 NY2d 887 [1986]). Here, although defendant was 18 years old, a high school senior and had no prior experiences with the criminal justice system, he admitted at the hearing that he was twice advised of his rights, he understood each of those rights as read, he studied *Miranda v Arizona* (384 US 436 [1966]) in school for one or two days during the prior year and he knew that the police may want to discuss his or a friend's involvement in a crime. While he may not have fully understood the mechanics of how a waiver of his rights would play out later in the criminal process, he was aware of the immediate import of the warnings he was given (*see People v Williams, supra* at 289). Finally, the police advised defendant of the nature of their inquiry before they questioned him and before he made any statements. We find that, under all the circumstances here, defendant knowingly and voluntarily waived his rights before making any statements. Hence, County Court properly denied the motion to suppress those statements.

Peters, J.P., Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.