■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAY KUYKENDALL, Appellant. [840 NYS2d 472]—

Spain, J. Appeal from a judgment of the County Court of Rensselaer County (Czajka, J.), rendered June 24, 2005, upon a verdict convicting defendant of the crime of endangering the welfare of a child.

Defendant was charged in a 26-count indictment with multiple acts of rape in the third degree and criminal sexual acts in the third degree and two misdemeanors. The charges stem from allegations by a girl (hereinafter complainant) who testified at trial that during the period of September 2003 through February 2004, when she was 16 years old, she stayed at defendant's house in the city of Troy, Rensselaer County, and, while there, she regularly engaged in various sexual activity with him. She also testified that defendant had provided her with alcohol, pornography and marihuana. The complainant was, at the time, a runaway from a youth residential facility. She had a troubled history which included foster care, substance abuse and mental health problems. She had met defendant, age 49, in his capacity as a substance abuse counselor at a youth facility. Execution of a search warrant for defendant's home turned up items of her clothing, which she had described to police, and an extensive collection of pornography. Defendant testified and denied that the complainant had ever stayed at his house, that he ever had any sexual contact with her or that he had provided alcohol, pornography or drugs to her. Defendant recounted several instances in which the complainant had contacted him and they had met up, and that she had been in his home a few times for brief periods during that time frame. Defendant did, however, admit that on January 24, 2004 when a police sergeant came to his house and informed him that he was looking for the complainant, who was a runaway, he lied and said he had not heard from her although she had arrived at his house a half-hour earlier and was in another room out of sight.

The jury convicted defendant only of the misdemeanor count of endangering the welfare of a child and acquitted him of the remaining 25 counts in the indictment. After defendant's motion to dismiss that conviction was denied, he was sentenced to a one-year term of incarceration and an order of protection was entered. Defendant now appeals and, finding no basis upon which to disturb the jury's verdict, we affirm.

Initially, defendant contends that the endangering count of the indictment was duplicitous. While defendant unsuccessfully moved prior to trial to dismiss the indictment on duplicity grounds (*see* CPL 200.30), he conceded that the indictment was not facially duplicitous and did not specifically address the endangering count so as to preserve the precise claims now

raised on appeal (*see* CPL 210.20 [3]; 470.05 [2]; *cf. People v Dalton*, 27 AD3d 779, 781 [2006], *lvs denied* 7 NY3d 754, 811 [2006]). In any event, the evidence supporting the endangering count reflects that it was a continuing crime committed by multiple acts which occurred over a period of time and, thus, that count was not subject to the duplicity rules (*see People v Dalton, supra* at 781; *People v Weber*, 25 AD3d 919, 923 [2006], *lv denied* 6 NY3d 839 [2006]; *People v Chilson*, 285 AD2d 733, 734 [2001], *lvs denied* 97 NY2d 640 [2001], 97 NY2d 752 [2002]; *People v Dunavin*, 173 AD2d 1032, 1034 [1991], *lv denied* 78 NY2d 965 [1991]; *see also People v Keindl*, 68 NY2d 410, 421-422 [1986]).

Defendant's arguments concerning County Court's failure to read the factual contents of the entire endangering count to the jury are unpreserved, as he did not request this or object to the charge (or recharge) as given on this count (*see* CPL 470.05 [2]). Moreover, the charge as given closely paralleled the pattern jury charge (*see* 1 CJI[NY] Penal Law § 260.10 [1]). With regard to defendant's unpreserved claim that the court was required to read the lengthy, sordid litany of factual allegations—set forth in the indictment in alternative form—in that endangering count, we disagree. "[W]hen an indictment alleges facts that are extraneous or immaterial to the charges or beyond what is necessary to support the charges, or when factual allegations are made in the alternative, the People need not prove more than those factual allegations necessary to support a conviction" (*People v Grega*, 72 NY2d 489, 497 [1988]; *see People v Charles*, 61 NY2d 321, 326-327 [1984]). Here, the court's charge correctly recited the statutory elements of the crime and stated the fundamental legal principles applicable both generally and to this particular case and count (*see* CPL 300.10 [2]). Any shortcoming in the charge did not deny defendant a fair trial (*see People v Saunders*, 64 NY2d 665, 667 [1984]).

Finally, while an acquittal on the endangering count would not have been unreasonable, upon weighing the probative value and force of the conflicting testimony and the inferences to be drawn therefrom, we are not persuaded that the jury's verdict on this count was contrary to the weight of credible evidence and should be set aside (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). We, of course, give deference to the jury's credibility determination which obviously reflects at least its uncertainty concerning much of the complainant's testimony regarding the sex crimes of which defendant was acquitted. However, the jury was entitled to credit some of her testimony while discounting other aspects (*see People v Reed*, 40 NY2d 204, 208 [1976]). We

discern no grounds upon which to disturb the jury's conclusion—based on all of the testimony and evidence—that defendant nonetheless knowingly engaged in other conduct during this period which was likely to be harmful to—but need not have actually harmed—the physical, mental or moral welfare of the under 17-year-old complainant (*see* Penal Law § 260.10 [1]; *see also People v Hitchcock*, 98 NY2d 586, 590-592 [2002]; *People v Johnson*, 95 NY2d 368, 371-372 [2000]). Defendant's remaining assertions lack merit.

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.