(April 24, 2008)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COURTNEY HARRIS, Appellant. [856 NYS2d 284]—

Kane, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered June 2, 2006 in Albany County, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree and endangering the welfare of a child.

While the victim, a 10-year-old girl, was asleep on a sofa bed, defendant climbed into the bed beside her. According to the

victim's testimony, defendant ran his hand up her thigh and began rubbing her vagina, attempting to insert his fingers more than once. The victim left the bed and immediately told an adult. When being questioned by police, defendant signed a statement admitting that he climbed into bed with the victim and touched her upper thigh. At the police station he also wrote an apology note to the victim.

Defendant was charged with sexual abuse in the first degree, forcible touching and endangering the welfare of a child. Following a suppression hearing where two detectives testified, County Court (Herrick, J.) denied defendant's motion to suppress his statement and the apology note. At trial, the jury initially rendered a partial verdict of not guilty of sexual abuse in the first degree and guilty of endangering the welfare of a child, and it could not reach a verdict on forcible touching. Supreme Court (Lamont, J.) found the verdict as to sexual abuse and endangering the welfare of a child repugnant and resubmitted those two counts to the jury. The jury subsequently returned a verdict of guilty on both of those counts. The court granted defendant's motion to dismiss the count of forcible touching based upon lack of evidence. After denying posttrial motions, the court sentenced defendant to five years in prison followed by three years of postrelease supervision on the sexual abuse count and a concurrent one year term for endangering the welfare of a child. Defendant appeals.

County Court properly denied defendant's motion to suppress his statement and the apology note. Defendant's argument is mainly based upon his trial testimony. Because he did not move to reopen the suppression hearing, his trial testimony cannot be considered when reviewing the court's suppression decision; "the propriety of the denial must be judged on the evidence before the suppression court" (*People v Gonzalez*, 55 NY2d 720, 722 [1981], *cert denied* 456 US 1010 [1982]; *see People v Boynton*, 35 AD3d 875, 876 [2006], *lv denied* 8 NY3d 982 [2007]; *People v Franklin*, 288 AD2d 751, 753-754 [2001], *lv denied* 97 NY2d 728 [2002]). Based on the two written *Miranda* waivers and the testimony of the two detectives, the court correctly determined that defendant was fully advised of his rights and knowingly and voluntarily waived those rights before questioning commenced (*see People v Seymour*, 14 AD3d 799, 801 [2005], *lv denied* 4 NY3d 856 [2005]).

Defendant's main argument is that Supreme Court should have accepted the jury's original verdict. When the jury indicated that it had reached a partial verdict, the court had the discretion to accept the partial verdict and order the jury to

resume deliberations on the remaining count, or refuse to accept the partial verdict and order the jury to continue deliberations on the entire case (*see* CPL 310.70 [1] [b] [i], [ii]). The court chose the first option, as was its prerogative. After the jury rendered and announced its partial verdict, the court determined that the verdict was repugnant, provided an expanded jury instruction and directed the jury to resume deliberations on the counts charging sexual abuse and endangering the welfare of a child.*

The question then becomes whether the partial verdict accepted by Supreme Court was actually repugnant. If the verdict was legally defective, the court was required to explain the error and direct the jury to reconsider its verdict or resume deliberations to render a proper verdict (*see* CPL 310.50 [2]). After doing so, the jury would be expected to render a consistent verdict, even if that resulted in a previous "acquittal" on a count being changed to a conviction (*see People v Alfaro*, 66 NY2d 985, 987 [1985]). If the verdict was not defective, the court was required to accept it.

A verdict as to a particular count should be set aside as repugnant "only when it is inherently inconsistent when viewed in light of the elements of each crime as charged to the jury" (*People v Tucker*, 55 NY2d 1, 4 [1981]; *see People v Loughlin*, 76 NY2d 804, 806 [1990]). Repugnancy is not evaluated based upon the entire record, or even the language used in the indictment; "the record should be reviewed *only* as to the jury charge" (*People v Tucker*, 55 NY2d at 7 [emphasis added]; *see People v Bisner*, 260 AD2d 665, 668-669 [1999], *lv denied* 93 NY2d 1014 [1999]).

Here, Supreme Court's charge on sexual abuse required the People to prove that defendant subjected a person under 11 years of age to sexual contact. Sexual contact was defined by the court, in part, as "any touching of the sexual or other intimate parts of another person." The charge on endangering the welfare of a child required the People to prove that defendant "knowingly act[ed] in a manner likely to be injurious to the physical, mental, or moral welfare of a child less than 17 years of age." Although the indictment alleged under both of these counts that defendant committed the various crimes by "placing his fingers in contact with the [victim's] vagina," the jury charge did not include that language nor any other specific

---

* Although Supreme Court did not actually order the jury to resume deliberations on the forcible touching count, on which the jury stated it could not agree, that count was subsequently dismissed and is not at issue on appeal.

method of violating the statutes (*compare People v Crane*, 242 AD2d 783, 783 [1997]; *cf. People v Snead*, 302 AD2d 268, 269 [2003]). In a note during deliberations prior to the first verdict, the jury sought a clarification of the charge by asking whether touching the victim's thigh constituted sexual contact. After consulting the parties, the court answered in the negative, finding that the thigh was not a "sexual or other intimate part" for purposes of the crime of sexual abuse in the first degree. Because the acquittal of sexual abuse in the first degree did not negate any element of endangering the welfare of a child as those two crimes were charged to the jury, the verdict was not repugnant (*see People v Ramirez*, 229 AD2d 1012, 1012 [1996]). Hence, the original verdict should have been accepted by the court.

Defendant's remaining contentions have been reviewed and either found unpersuasive or deemed academic in light of our resolution of the repugnancy issue.

Peters, J.P., Carpinello, Kavanagh and Stein, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant of the crime of sexual abuse in the first degree under count one of the indictment; said count dismissed; and, as so modified, affirmed.