THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER CULVER, Appellant. [893 NYS2d 327]—

Spain, J.

In February 2007, defendant, a first grade public school teacher in the Town of Clifton Park, Saratoga County, was accused of subjecting one or more children in his class to sexual contact. During an interview with State Police investigators, defendant admitted to sexually abusing six boys in his class— several times over the course of recent weeks or months—by touching their genitals, two underneath their clothing and four over their clothing. He was arrested and charged with 29 counts of sexual abuse in the first degree, 12 counts of course of sexual conduct against a child in the second degree and 8 counts of endangering the welfare of a child for conduct alleged to have occurred between 2002 and 2007. After a *Huntley* hearing, County Court denied defendant's motion to suppress his statements, finding that his admissions were voluntary and made after a valid waiver of *Miranda* rights. Defendant thereafter pleaded guilty to the entire indictment and the court imposed the agreed-upon aggregate sentence of 12 years in prison. Defendant now appeals.

Initially, defendant contends that his statements to police were inadmissible as the product of a custodial interrogation, in the absence of a valid waiver of *Miranda* rights. The People bore the burden of proving the voluntariness of defendant's statements beyond a reasonable doubt, including that any custodial interrogation was preceded by the administration and defendant's knowing waiver of his *Miranda* rights (*see People v Baggett*, 57 AD3d 1093, 1094 [2008]). The investigators, credited by County Court, testified that they went to defendant's home

at 7:00 P.M., informed him of the investigation, of which he was aware, and he agreed to accompany them to the State Police barracks for an interview. Defendant was driven in the rear of an unmarked vehicle approximately 10 minutes to the barracks, during which small talk was exchanged. At the barracks, defendant was taken into an interview room, left alone briefly and then read *Miranda* warnings; he indicated that he understood and agreed to speak with investigators. The interview lasted about one hour, during which defendant was asked about the allegations and, upon review of a list of students in his class, made extensive admissions. Defendant was never handcuffed, threatened or promised anything. There is no evidence that the interview was confrontational or that any improper coercive tactics were employed, and all questioning ceased when defendant's wife arrived and was allowed to speak alone with him. By contrast, defendant testified that he was questioned about the allegations during the trip to the barracks and that, although he received *Miranda* warnings at the barracks, he never waived his rights.

County Court concluded that defendant voluntarily went with investigators for questioning and that he received, indicated he understood, and waived his *Miranda* rights prior to being questioned and making admissions (*see People v Pouliot*, 64 AD3d 1043, 1045 [2009], *lv denied* 13 NY3d 838 [2009]). Giving deference to the court's factual and credibility determinations, its finding that defendant's statements were voluntary is fully supported by the record and, thus, regardless of whether defendant was in custody during the questioning, which is doubtful, his statements that followed his knowing and voluntary waiver of his *Miranda* rights were admissible (*see People v Maddox*, 31 AD3d 970, 973-974 [2006], *lv denied* 7 NY3d 868 [2006]; *People v Seymour*, 14 AD3d 799, 801 [2005], *lv denied* 4 NY3d 856 [2005]; *People v Serrano*, 14 AD3d 874, 875 [2005], *lv denied* 4 NY3d 803 [2005]).

Defendant also argues that County Court should have credited his testimony that he requested to speak to an attorney several times during questioning, thereby invoking his right to counsel and requiring cessation of all questioning, but his requests were ignored. Under well-established law, a request for counsel does operate to indelibly attach the state constitutional right to counsel for an uncharged person in custody, requiring an end to further questioning in the absence of an attorney (*see People v West*, 81 NY2d 370, 373-374 [1993]; *People v Cunningham*, 49 NY2d 203, 205 [1980]). However, the police investigators unequivocally testified that defendant never inquired about or

requested an attorney at any point during the questioning, and they fully advised him of his *Miranda* rights, which he indicated he understood, prior to any questioning. Defendant's wife testified, under subpoena, that when defendant left their home with investigators, he told her that he did not want an attorney. His contrary testimony required County Court to again make a credibility determination, based upon its firsthand observations of the testifying witnesses; according deference to the court's express determination to give "little credence to the defendant's version of events," which is supported by the record, the court's finding that defendant had not invoked his right to counsel before or during questioning will not be disturbed (*see People v Mayo*, 19 AD3d 710, 711 [2005]; *see also People v Bermudez*, 31 AD3d 968, 968 [2006], *lv denied* 8 NY3d 944 [2007]).

Notably, also, the *Huntley* testimony established that all questioning of defendant ceased when his wife presented at the barracks and asked to speak with defendant, indicating to police that she had "retained counsel" for defendant. In fact, no evidence was presented that defendant's wife had retained a particular attorney and no attorney appeared at or called the barracks; while defendant's wife testified that she had telephoned an attorney and gave defendant information at the barracks to contact an attorney, neither she nor defendant ever actually spoke to an attorney about representing defendant. As such, at the time of the police interview, no attorney had been retained to represent defendant or had entered the matter under investigation (*see People v Grice*, 100 NY2d 318, 321-322 [2003]).

Defendant claims, for the first time on appeal, that his original trial attorney ineffectively represented him because counsel convinced him weeks after his arrest to undergo a psychiatric evaluation to determine his risk of reoffending, advising him that it would be kept confidential, but later provided a copy to the People. Significantly, however, defendant retained substitute trial counsel prior to filing his omnibus motion. While the People indicated in their opposition papers their intent to use the evaluation against defendant should he testify at trial, defendant never moved in County Court, as he could have, to preclude the evaluation from evidence, and did not request a ruling on its admissibility or use if defendant were to testify at trial. Thus, any contention that the evaluation was improperly provided to the People or should have been suppressed or otherwise excluded was forfeited by his guilty plea and is not preserved for our review (*see People v Keebler*, 15 AD3d 724, 726 [2005], *lv denied* 4 NY3d 854 [2005]; *cf.* CPL 710.70 [2], [3]; 710.20). Likewise, defendant's failure to move to withdraw his plea or

vacate the judgment renders his assertions of ineffective assistance unpreserved for our review (*see People v Clark*, 52 AD3d 951, 952 [2008], *lv denied* 11 NY3d 831 [2008]).

Also, because no motion was made in County Court on this issue, most of the ineffective assistance of counsel allegations now raised by defendant are outside of the record on appeal, e.g., no affidavit was submitted to the court from defendant as to what counsel may have explained to him with regard to the evaluation and no affidavit from counsel as to his purpose or understanding, if any, upon providing the full evaluation to the People. While a CPL 440.10 motion is often the appropriate vehicle for developing facts dehors the record (*see e.g. People v Buskey*, 62 AD3d 1164, 1165 [2009]; *People v Anthony*, 52 AD3d 864, 866 [2008], *lv denied* 11 NY3d 733 [2008]), "this does not apply to facts that should have been placed on the record during trial [proceedings]" (*People v Williams*, 286 AD2d 620, 620 [2001], *lv denied* 97 NY2d 659 [2001]; *see* CPL 440.10 [3] [a]; *People v Wong*, 256 AD2d 724, 725 [1998], *lv denied* 93 NY2d 903 [1999]). Thus, defendant's failure to raise these claims at any time before entering a guilty plea and being sentenced, despite the assistance of new counsel and ample opportunity to do so, would seem to preclude doing so by way of a postjudgment collateral challenge (*see id.*).

Defendant's remaining claims have been evaluated and determined to lack merit.

Cardona, P.J., Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.