THIRD DEPARTMENT, NOVEMBER, 2010

(November 4, 2010)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFONZA STRICKLAND, Appellant. [909 NYS2d 846]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered June 12, 2008 in Albany County, upon a verdict convicting defendant of the crime of endangering the welfare of a child.

In June 2007, defendant (age 36) met and befriended the victim (age 15). He allegedly told the victim that he was in the music recording business and she ostensibly envisioned herself as an aspiring singer. Defendant invited her to his apartment, where she sang for him. According to the victim, they also consumed alcoholic beverages, he blew marihuana smoke into her mouth, she performed oral sex upon him and they engaged in sexual intercourse. They reportedly engaged in similar sexual activity again later that day and on a couple of subsequent occasions over the next few weeks. In late August 2007, the victim went to police, who arranged a controlled phone call by her to defendant. During that recorded call, he made comments appearing to substantiate that some sexual activity occurred between the two.

Originally charged in a 12-count indictment, three of the counts were dismissed before trial. The remaining nine counts included eight felony counts consisting of criminal sexual act in the third degree and rape in the third degree allegedly occurring at four separate times in June 2007 (i.e., both counts charged as to four alleged distinct sexual encounters) and a misdemeanor charge of endangering the welfare of a child occur-

ring between June 19, 2007 and July 13, 2007. Defendant testified in his own defense, denying sexual activity with the victim and attempting to explain his comments in the recorded phone conversation as essentially him acting "crazy" to play along with the victim's call. The jury acquitted him of all the felony charges, but found him guilty of endangering the welfare of a child. He was sentenced to nine months in jail. Defendant appeals.

Defendant contends that the jury's verdict finding him guilty of endangering the welfare of a child was inconsistent with and repugnant to his acquittal on the other charges. "A verdict is inconsistent or repugnant—the difference is inconsequential—where the defendant is convicted of an offense containing an essential element that the jury has found the defendant did not commit" (*People v Trappier*, 87 NY2d 55, 58 [1995] [citation omitted]). "Repugnancy is not evaluated based upon the entire record, or even the language used in the indictment; 'the record should be reviewed *only* as to the jury charge' " (*People v Harris*, 50 AD3d 1387, 1389 [2008], quoting *People v Tucker*, 55 NY2d 1, 7 [1981]; *see People v Carter*, 60 AD3d 1103, 1105 [2009], *lv denied* 12 NY3d 924 [2009]). This approach minimizes judicial second-guessing by recognizing that "[w]hen the jury has decided to show lenity to the defendant, an accepted power of the jury, the court should not then undermine the jury's role and participation by setting aside the verdict" (*People v Tucker*, 55 NY2d at 7).

Here, Supreme Court charged the relevant elements of endangering the welfare of a child as "act[ing] in a manner likely to be injurious to the physical, mental or moral welfare of [the victim]" between June 19, 2007 and July 13, 2007; acting knowingly, and the victim being under the age of 17 years (*see* CJI2d[NY] Penal Law § 260.10 [1]). The charge did not limit the alleged conduct constituting the crime to sexual activity, and there was proof of defendant supplying alcohol to the victim as well as blowing marihuana smoke into the victim's mouth. This conduct was sufficient to establish the crime separate from the alleged sexual activity (*see Matter of Daniel C.*, 48 AD3d 1242, 1243 [2008], *lv denied* 10 NY3d 714 [2008]; *People v Keller*, 204 AD2d 767, 767 [1994]). Moreover, while the jury may have found the proof insufficient to establish sexual conduct on the dates alleged as to the felonies, they nevertheless may have concluded that some impermissible conduct occurred between defendant and the victim within the broader time frame alleged for the misdemeanor charge. Indeed, there were discrepancies in the proof as to the dates of the alleged felony sexual activity,

whereas the recorded phone call provided strong evidence that some sexual conduct occurred.

We find unavailing defendant's arguments that the proof was not legally sufficient and that the verdict was against the weight of the evidence. Viewed in the light most favorable to the People, there is a valid line of reasoning and permissible inferences for a rational person to arrive at the conclusion reached by the jury and, thus, the evidence was legally sufficient (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Chaffee*, 30 AD3d 763, 764 [2006], *lv denied* 7 NY3d 846 [2006]). After weighing the probative force of conflicting proof and considering the evidence in a neutral light while deferring to the jury's credibility determinations, we find that the verdict was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643-644 [2006]; *People v Diotte*, 63 AD3d 1281, 1283-1284 [2009]).

Defendant's assertion that his sentence was harsh and excessive appears moot in light of the People's statement in their brief that he has already served the entire sentence (*see People v Buskey*, 62 AD3d 1164, 1165 [2009]; *People v Cole*, 35 AD3d 911, 913 [2006], *lv denied* 8 NY3d 944 [2007]). In any event, there being neither extraordinary circumstances nor an abuse of discretion, this assertion is unpersuasive on the merits.

Spain, J.P., Kavanagh, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.