# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

318

KA 09-01937

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

EKISHA N. ALLIGOOD, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered August 21, 2009. The judgment convicted defendant, upon a jury verdict, of grand larceny in the third degree and criminal possession of a forged instrument in the second degree (six counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of grand larceny in the third degree (Penal Law § 155.35 [1]) and six counts of criminal possession of a forged instrument in the second degree (§ 170.25). The counts charging criminal possession of a forged instrument involved six pension checks payable to defendant's father, a resident in the long-term care unit of Monroe Community Hospital (MCH). In 2006, defendant endorsed those checks to her landlord with the forged signature of her father, in partial payment of her rent. According to defendant, she negotiated the checks pursuant to the authority granted her by a power of attorney executed by her father in 2003. However, the People established that, in 2004, the bank issuing the pension checks notified MCH that the father's checks were being diverted to defendant under a power of attorney allegedly signed by the father in 2003. After learning of the diversion of the pension checks, MCH staff assisted the father in preparing a letter to the issuing bank directing that the pension checks were to be mailed to him at MCH and informing the issuing bank that the father had not signed a power of attorney in 2003 and in fact had revoked a prior power of attorney executed in 2001. Over defendant's hearsay objection, Supreme Court admitted the letter in evidence as a CPLR 4518 (a) "business record." Although a defense witness who owned a liquor store testified that defendant's father had walked into his store in 2003 and signed a

document that the store owner notarized, the People established that in 2003 the father suffered from a number of debilitating medical conditions that rendered him unable to ambulate on his own, and he had not in any event left MCH since at least 2001.

Even assuming, arguendo, that the court erred in admitting in evidence the letter prepared by MCH staff and signed by the father, we conclude that any error is harmless.  The People presented overwhelming evidence establishing that the father had not, and could not have, walked into the liquor store in Rochester in 2003 and executed a power of attorney naming defendant as his power of attorney, and there is no significant probability that the jury would have acquitted defendant if the letter had not been admitted in evidence (*see People v Crimmins*, 36 NY2d 230, 241-242; *People v Glover*, 4 AD3d 852, 852, *lv denied* 2 NY3d 740).  We agree with defendant that the court erred in allowing the People to present expert testimony on the law pertaining to the execution and revocation of a power of attorney and the duties of the agent thereunder (*see People v Johnson*, 76 AD2d 983, 984; *see generally Colon v Rent-A-Center*, 276 AD2d 58, 61-62).  However, inasmuch as the evidence overwhelmingly established that the father did not execute the power of attorney proffered by defendant and there is no significant probability that the "jury's verdict . . . would have been different" without the expert testimony, the error is harmless (*People v Clyde*, 18 NY3d 145, 154).  Defendant failed to preserve for our review the majority of the instances of alleged prosecutorial misconduct that she now contends deprived her of a fair trial, and we note that objections otherwise made by defense counsel were largely sustained by the court, with no request by defendant for further relief, including a mistrial (*see People v Williams*, 8 NY3d 854, 855).  In any event, "[r]eversal on grounds of prosecutorial misconduct 'is mandated only when the conduct has caused such substantial prejudice to the defendant that [s]he has been denied due process of law' " (*People v Rubin*, 101 AD2d 71, 77, *lv denied* 63 NY2d 711), and that cannot be said here (*see id.* at 77-78).

Entered:  March 28, 2014                      Frances E. Cafarell
                                              Clerk of the Court