# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**961**

**KA 14-01548**

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

CHAD J. COLSRUD, DEFENDANT-APPELLANT.

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Steuben County Court (Marianne Furfure, A.J.), rendered December 9, 2013. The judgment convicted defendant, upon a jury verdict, of endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of endangering the welfare of a child (Penal Law § 260.10 [1]). Defendant contends that the verdict is legally repugnant inasmuch as the jury acquitted him of five counts of rape in the third degree (§ 130.25 [2]), one count of criminal sexual act in the third degree (§ 130.40 [2]), and three counts of unlawfully dealing with a child in the first degree (§ 260.20 [2]). We reject that contention. When viewed in light of the elements of each crime as charged to the jury without regard to the accuracy of those instructions (*see People v Tucker*, 55 NY2d 1, 4, 7-8, *rearg denied* 55 NY2d 1039), none of the acquittals negates an essential element of the crime of endangering the welfare of a child (*see People v Strickland*, 78 AD3d 1210, 1211; *see generally People v Muhammad*, 17 NY3d 532, 538-539).

Defendant also contends that, as instructed by the court, the jury was precluded from finding that he endangered the welfare of the victim under count two by any conduct beyond that which was alleged in the indictment with respect to rape in the third degree and criminal sexual act in the third degree. We reject that contention. Although the People concede defendant's interpretation of the court's instructions, such concession "does not . . . relieve us from the performance of our judicial function and does not require us to adopt the [interpretation] urged upon us" (*People v Berrios*, 28 NY2d 361, 366-367). We construe the instruction at issue to be permissive

rather than restrictive, and we therefore conclude that the instruction did not preclude the jury from considering evidence of other acts "likely to be injurious to the physical, mental or moral welfare" of the victim beyond the specific acts alleged in the other counts of the indictment (Penal Law § 260.10 [1]; *see generally Strickland*, 78 AD3d at 1211-1212).

We reject defendant's further contention that he was convicted on a theory different from that set forth in the indictment. We recognize the general rule that where a court's jury instruction on a particular count erroneously contains an additional theory that differs from the theory alleged in the indictment, as limited by the bill of particulars, and the evidence adduced at trial could have established either theory, reversal of the conviction on that count is required because there is a possibility that the jury could have convicted the defendant upon the uncharged theory (*see People v Grega*, 72 NY2d 489, 496). Here, count two of the indictment alleged that defendant endangered the child by subjecting her to "sexual contact" (*see* Penal Law § 130.00 [3]). The People's bill of particulars did not narrow the specific type of "sexual contact" alleged in count two (*cf. People v Duell*, 124 AD3d 1225, 1227, *lv denied* 26 NY3d 967), and the indictment did not limit the People to a particular act of "sexual contact" at trial (*see generally People v McGrew*, 103 AD3d 1170, 1174). The court instructed the jury under count two that the People were required to prove that defendant endangered the child by subjecting her to "sexual conduct," which the court defined in accordance with Penal Law § 130.00 (10). Inasmuch as the term "sexual contact" is broad enough to include all forms of "sexual conduct," we conclude that defendant received the requisite " 'fair notice of the accusations against him' " (*Grega*, 72 NY2d at 495; *see People v Abeel*, 67 AD3d 1408, 1410), and that there is no possibility that the jury could have convicted the defendant upon an uncharged theory.

Viewing the evidence in light of the elements of the crime of endangering the welfare of a child as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Entered: November 18, 2016

Frances E. Cafarell
Clerk of the Court