■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL VIRAPEN, Appellant. [47 NYS3d 426]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered January 21, 2016, convicting him of criminal obstruction of breathing or blood circulation, endangering the welfare of a child (two counts), and harassment in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law and the facts, by vacating the conviction of harassment in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence supporting his conviction of criminal obstruction of

breathing or blood circulation is unpreserved for appellate review (*see* CPL 470.05; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of the crime of criminal obstruction of breathing or blood circulation beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the opportunity of the finder of fact to view the witnesses, hear testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to the count of criminal obstruction of breathing or blood circulation and both counts of endangering the welfare of a child was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The fact that the defendant was acquitted of the count of strangulation in the second degree (Penal Law § 121.12), and the count of assault in the third degree (Penal Law § 120.00 [1]), did not undermine the weight of the evidence supporting the court's verdict on the counts of criminal obstruction of breathing or blood circulation and endangering the welfare of a child (Penal Law §§ 121.11, 260.10 [1]; *see People v White*, 100 AD3d 1397, 1399 [2012]).

The defendant's contention that the evidence was legally insufficient to support his conviction of harassment in the second degree is unpreserved for appellate review, except to the extent that he challenges the sufficiency of the complainant's testimony that he was pushed or fell (*see* CPL 470.05; *People v Hawkins*, 11 NY3d at 491-492; *People v Mollaie*, 81 AD3d 1448, 1449 [2011]). However, upon our independent review of the record (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we find that the verdict of guilt on this count was against the weight of the evidence as to the element of intent to "harass, annoy or alarm" the complainant (Penal Law § 240.26 [1]; *see People v Caulkins*, 82 AD3d 1506 [2011]; *see also Matter of Mamantov v Mamantov*, 86 AD3d 540, 541 [2011]). Accordingly, we vacate the conviction of harassment in the second degree and the sentence imposed thereon, and dismiss that count of the indictment.

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel by his trial attorney's failure to object to the admission of audiotapes of two 911

telephone calls. There can be no deprivation of effective assistance of counsel arising from the failure to make a motion or argument that, as here, had little or no chance of success (*see People v Stultz*, 2 NY3d 277, 287 [2004]; *People v Moss*, 138 AD3d 761, 762 [2016]; *see also People v Wallace*, 79 AD3d 1075, 1075-1076 [2010]; *People v Carrenard*, 56 AD3d 486, 487-488 [2008]; *People v Jamerson*, 21 AD3d 428, 428 [2005]). Balkin, J.P., Hall, LaSalle and Barros, JJ., concur.