■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY ROBINSON, Appellant. [53 NYS3d 700]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guzman, J.), rendered February 2, 2015, convicting him of endangering the welfare of a child and criminal contempt in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The defendant was charged, inter alia, with course of sexual conduct against a child in the second degree, rape in the third degree (three counts), criminal sexual act in the third degree (three counts), sexual abuse in the third degree (three counts), and endangering the welfare of a child (two counts). The charges were based on allegations that he embarked on a course of sexual conduct with the complainant, his then-girlfriend's daughter, starting when she was eight years old. After a trial, the jury acquitted him of all of the sex-related charges, but convicted him of one count of endangering the welfare of a child for the time period of November 1, 2009, to July 31, 2010, and criminal contempt in the second degree related to the violation of an order of protection imposed against him in favor of the complainant.

The defendant's challenge to the legal sufficiency of the evi-

dence supporting his conviction of endangering the welfare of a child is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of endangering the welfare of a child (Penal Law § 260.10 [1]), beyond a reasonable doubt.

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]), we nevertheless accord great deference to the opportunity of the finder of fact to view the witnesses, hear testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to the count of endangering the welfare of a child for the period of November 1, 2009, to July 31, 2010, was not against the weight of the evidence (*see People v Kuykendall*, 43 AD3d 493, 495 [2007]). "A person is guilty of endangering the welfare of a child when . . . [h]e or she knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than [17] years old" (Penal Law § 260.10 [1]). The fact that the defendant was acquitted of the charges of course of sexual conduct against a child in the second degree, rape in the third degree, criminal sexual act in the third degree, and sexual abuse in the third degree did not undermine the weight of the evidence supporting the verdict on the count of endangering the welfare of a child (*see People v Virapen*, 147 AD3d 981, 982 [2017]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Balkin, Austin and Connolly, JJ., concur.