■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEREMY M. TOFT, Appellant. [68 NYS3d 217]—

Peters, P.J. Appeal from a judgment of the County Court of Tioga County (Keene, J.), rendered October 27, 2014, upon a verdict convicting defendant of the crime of endangering the welfare of a child.

Defendant was charged by indictment with three counts of rape in the second degree, two counts of rape in the third degree, three counts of criminal sexual act in the second degree and endangering the welfare of a child stemming from allegations made by his then-fiancée's daughter (hereinafter the victim). At trial, the victim testified that defendant subjected her to various sexual acts beginning in June 2010, when she was 13 years old, with the last incident occurring in May 2013. Defendant testified in his own defense, denying that he had any sexual contact with the victim. The jury convicted defend-

ant of endangering the welfare of a child and acquitted him of the remaining charges. Sentenced to one year in jail, defendant appeals.

By failing to object before the jury was discharged, defendant failed to preserve his argument that the verdict convicting him of endangering the welfare of a child was repugnant to his acquittal on the other charges (*see People v Keener*, 152 AD3d 1073, 1074-1075 [2017]; *People v Young*, 152 AD3d 981, 983 [2017], *lv denied* 30 NY3d 955 [2017]). Were we to review this claim, we would find it to be without merit (*see People v Colsrud*, 144 AD3d 1639, 1639 [2016], *lv denied* 29 NY3d 1030 [2017]; *People v Strickland*, 78 AD3d 1210, 1211-1212 [2010]; *People v Harris*, 50 AD3d 1387, 1389-1390 [2008]).

Upon weighing the probative force of the conflicting testimony and the strength of the competing inferences that may be drawn therefrom (*see People v Danielson*, 9 NY3d 342, 348 [2007]; *People v Bleakley*, 69 NY2d 490, 495 [1987]), we are unpersuaded that defendant's conviction on the endangering count was contrary to the weight of the evidence. The jury's verdict acquitting defendant of the various sex crimes manifestly reflects its uncertainty concerning the victim's testimony that defendant subjected her to sexual intercourse, oral sex or anal sex, and we accord deference to that credibility assessment. However, the victim also testified to certain other inappropriate physical contact with defendant, and the jury was entitled to credit this aspect of her testimony notwithstanding its rejection of other portions of it (*see People v St. Ives*, 145 AD3d 1185, 1188 n [2016], *lv denied* 29 NY3d 1036 [2017]; *People v Beliard*, 101 AD3d 1236, 1239 [2012], *lv denied* 20 NY3d 1096 [2013]; *People v Wagner*, 72 AD3d 1196, 1197 [2010], *lv denied* 15 NY3d 779 [2010]; *People v Kuykendall*, 43 AD3d 493, 495 [2007], *lv denied* 9 NY3d 1007 [2007]). Based on this and other conduct on the part of defendant during the relevant time, we discern no basis upon which to disturb the jury's conclusion that defendant knowingly engaged in conduct separate from the charged sexual activity that was "likely to be injurious to the physical, mental or moral welfare" of the victim (Penal Law § 260.10 [1]; *see People v Robinson*, 150 AD3d 767, 768 [2017], *lv denied* 29 NY3d 1085 [2017]; *People v Strickland*, 78 AD3d at 1211-1212; *People v Sanderson*, 68 AD3d 1716, 1717 [2009], *lv denied* 14 NY3d 844 [2010]; *People v Kuykendall*, 43 AD3d at 495-496).

Finally, inasmuch as defendant has completed his jail sentence, his claim that the sentence was harsh and excessive is moot (*see People v Jones*, 139 AD3d 1237, 1238 [2016], *lv*

*denied* 28 NY3d 932 [2016]; *People v Rodwell*, 122 AD3d 1065, 1068 [2014], *lv denied* 25 NY3d 1170 [2015]). In any event, given defendant's lengthy criminal history—which includes two prior convictions for endangering the welfare of a child—we reject his challenge to the severity of the sentence on the merits. Defendant's remaining contentions, to the extent not specifically addressed herein, have been reviewed and found to be unavailing.

Egan Jr., Lynch, Clark and Rumsey, JJ., concur. Ordered that the judgment is affirmed.