People v Draper (2018 NY Slip Op 00960)





People v Draper


2018 NY Slip Op 00960


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, CARNI, DEJOSEPH, AND WINSLOW, JJ.


26 KA 15-00919

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HOWARD DRAPER, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered February 4, 2015. The judgment convicted defendant, upon a jury verdict, of endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of endangering the welfare of a child (Penal Law § 260.10 [1]). Defendant was also charged in the two-count indictment with sexual abuse in the first degree (§ 130.65 [3]) but was acquitted of that charge. Initially, we note that defendant's contention that the verdict is against the weight of the evidence because the proof at trial was at variance with the indictment is actually a challenge to the legal sufficiency of the evidence, and defendant failed to preserve that contention for our review (see generally People v Gray, 86 NY2d 10, 19 [1995]; People v Davis, 15 AD3d 920, 921 [4th Dept 2005], lv denied 4 NY3d 885 [2005], reconsideration denied 5 NY3d 787 [2005]). In any event, defendant's contention lacks merit. There " is a valid line of reasoning and permissible inferences from which' " the jury could have rationally concluded that the offense occurred during the indictment's time period, and thus the conviction is supported by legally sufficient evidence (People v Danielson, 9 NY3d 342, 349 [2007]). Furthermore, viewing the evidence in light of the elements of the crime as charged to the jury (see id.), we conclude that the verdict, which was based primarily on the testimony of the victim, is not against the weight of the evidence (see People v Smith, 73 AD3d 1469, 1470 [4th Dept 2010], lv denied 15 NY3d 778 [2010]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant also contends that, inasmuch as the jury acquitted defendant of the charge of sexual abuse, the verdict is repugnant because both charges were predicated on defendant's sexual contact with a child. We reject that contention. The charge to the jury did not limit the conduct under the endangerment count to sexual activity, and there was adequate proof of impermissible conduct separate from sexual activity to establish the endangerment count (see People v Strickland, 78 AD3d 1210, 1211 [3d Dept 2010]; People v Harris, 50 AD3d 1387, 1390 [3d Dept 2008]).
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court