People v McClain (2018 NY Slip Op 03780)





People v Mcclain


2018 NY Slip Op 03780


Decided on May 24, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2018

109149

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
HUSSAYN McCLAIN, Appellant.

Calendar Date: April 23, 2018

Before: McCarthy, J.P., Egan Jr., Aarons, Rumsey and

 Pritzker, JJ.

John Ferrara, Monticello, for appellant.
Robert M. Carney, District Attorney, Schenectady (Tracey A. Brunecz of counsel), for respondent.


Aarons, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Schenectady County (Sira, J.), rendered December 14, 2016, convicting defendant upon his plea of guilty of the crime of failure to register or verify as a sex offender.
Defendant, a risk level three sex offender, waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with failure to register or verify as a sex offender as required by Correction Law §§ 168-f (3) and 168-t. The resulting plea agreement contemplated that defendant would waive his right to appeal and plead guilty to the charged crime with the understanding that he would be incarcerated for nine months in the local jail. Following defendant's guilty
plea, County Court imposed the agreed-upon sentence, which, defendant advises us, he has now served. This appeal ensued.
Preliminarily, we agree with defendant that his waiver of the right to appeal is invalid. During its abbreviated colloquy with defendant, "County Court did not explain the separate and distinct nature of the waiver or ascertain that defendant fully understood its consequences" (People v Dumas, 155 AD3d 1256, 1256 [2017] [citations omitted]; see People v Farrell, 156 AD3d 1062, 1062 [2017], lv denied 30 NY3d 1115 [2018]). Similarly, although defendant executed a detailed written waiver in open court, County Court "made no attempt to ensure that defendant understood the content[s]" or ramifications thereof (People v Ortiz, 153 AD3d 1049, [*2]1049 [2017] [internal quotation marks, ellipsis and citations omitted]; see People v Aubain, 152 AD3d 868, 869 [2017]). Under these circumstances, defendant did not knowingly, intelligently and voluntarily waive his right to appeal (see e.g. People v Herbert, 147 AD3d 1208, 1208-1209 [2017]).
Defendant's challenge to the factual sufficiency of his plea is unpreserved for our review absent evidence of an appropriate postallocution motion (see People v Bailey, 158 AD3d 948, 948 [2018]; People v Depugh, 158 AD3d 945, 945 [2018]). Contrary to defendant's assertion, he did not "make any statements during the plea colloquy that negated an essential element of the crime or otherwise cast doubt upon his guilt so as to trigger the narrow exception to the preservation rule" (People v Park, 159 AD3d 1132, 1133 [2018]; see People v Joubert, 155 AD3d 1255, 1256 [2017], lv denied 30 NY3d 1116 [2018]). Finally, inasmuch as defendant has completed his agreed-upon, nine-month jail sentence, his claim that such sentence was harsh and excessive is moot (see People v Toft, 156 AD3d 1234, 1235 [2017]).
McCarthy, J.P., Egan Jr., Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.