People v Lewis (2019 NY Slip Op 08289)





People v Lewis


2019 NY Slip Op 08289


Decided on November 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, TROUTMAN, AND WINSLOW, JJ.


819 KA 16-02164

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT D. LEWIS, SR., DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT.


 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered October 26, 2016. The judgment convicted defendant, upon a jury verdict, of assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of assault in the first degree (Penal Law
§ 120.10 [1]). The conviction arises from an incident on May 21, 2014 in Geneva, New York, in which defendant struck the victim repeatedly with a metal pipe. Defendant fled the scene, and ensuing efforts by members of law enforcement to find him proved unsuccessful. A warrant was issued for defendant's arrest, and he was eventually located in September 2015 in Detroit, Michigan. Defendant was then arrested and extradited to New York for prosecution.
Contrary to defendant's contention, County Court properly determined that his statutory right to a speedy trial was not violated. Where, as here, a defendant is charged with a felony, the People must announce readiness for trial within six months of the commencement of the action (see CPL 30.30 [1] [a]; People v Cortes, 80 NY2d 201, 207 n 3 [1992]). It is undisputed that the criminal action was commenced on May 22, 2014 with the filing of the felony complaint (see CPL 1.20 [17]; People v Osgood, 52 NY2d 37, 43 [1980]). Almost two years later, on February 5, 2016, an indictment was filed, at which time the People announced their readiness for trial. At the hearing on defendant's speedy trial motion, however, the People established that most of the prereadiness delay was excludable (see generally People v Berkowitz, 50 NY2d 333, 348-349 [1980]; People v Gushlaw [appeal No. 2], 112 AD2d 792, 793 [4th Dept 1985], lv denied 66 NY2d 919 [1985]).
The evidence presented at the hearing established that, following the assault, members of law enforcement exhausted all investigative leads and made extensive efforts to find defendant prior to his apprehension in Michigan. The police searched for defendant at his last known address and other associated addresses in Ontario County, New York; Rochester, New York; Illinois; and Indiana. They also interviewed defendant's family members, friends and acquaintances; engaged fellow members of law enforcement from other jurisdictions to assist in the search; maintained periodic contact with defendant's children; searched local and national databases periodically for updated information on defendant's whereabouts; and monitored Facebook pages of defendant's family members and associates in an effort to find him. Meanwhile, defendant, who had been released from parole supervision a few months prior to the assault, was admittedly aware that the police were looking for him.
" The police are not required to search for a defendant indefinitely' " (People v Williams, [*2]137 AD3d 1709, 1710 [4th Dept 2016]; see People v Butler, 148 AD3d 1540, 1541 [4th Dept 2017], lv denied 29 NY3d 1090 [2017]) and, even assuming, arguendo, that the People failed to establish due diligence in locating defendant, the law does not impose a due diligence obligation where, as here, the People establish that a defendant's "location is unknown and he is attempting to avoid apprehension or prosecution" (CPL 30.30 [4] [c] [i]; see People v Torres, 88 NY2d 928, 931 [1996]; People v Devore, 65 AD3d 695, 696 [2d Dept 2009]). Thus, the period of time from May 22, 2014 to September 1, 2015, the day before defendant's arrest in Michigan, was properly excluded by the court from the speedy trial calculation (see generally People v Luperon, 85 NY2d 71, 77 [1995]).
In addition, the time from defendant's refusal to waive extradition until the time when he was returned to New York, i.e., September 2, 2015 to December 15, 2015, was properly charged to defendant (see CPL 30.30 [4] [e]). Furthermore, the period from January 19, 2016 through January 28, 2016, was properly charged to defendant because he waived his speedy trial rights pursuant to CPL 30.30 with respect to that period, in exchange for which the People agreed to postpone their grand jury presentation in order to accommodate defendant's request to testify before the grand jury (see People v Waldron, 6 NY3d 463, 467-468 [2006]; People v Wheeler, 159 AD3d 1138, 1141 [3d Dept 2018], lv denied 31 NY3d 1123 [2018]). Thus, after taking into consideration excludable periods of time, we conclude that the People announced readiness for trial well within the statutory six-month time frame (see People v Harrison, 171 AD3d 1481, 1482 [4th Dept 2019]).
Contrary to defendant's additional contention, viewing the evidence in the light most favorable to the People, we conclude that "there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 349 [2007] [internal quotation marks omitted]). The trial evidence was legally sufficient to establish that the victim suffered serious physical injury inasmuch as he lost consciousness and sustained a large laceration to his head with heavy bleeding and a skull fracture, which resulted in a permanent skull depression and years of debilitating headaches (see People v Robinson, 121 AD3d 1405, 1407 [3d Dept 2014], lv denied 24 NY3d 1221 [2015]; People v Casey, 61 AD3d 1011, 1012-1013 [3d Dept 2009], lv denied 12 NY3d 913 [2009]; People v Romer, 163 AD2d 880, 880 [4th Dept 1990], lv denied 76 NY2d 896 [1990]). Furthermore, defendant's intent to cause serious physical injury to the victim may be inferred from defendant's conduct in striking the victim's head with a metal pipe (see People v Pine, 82 AD3d 1498, 1500 [3d Dept 2011], lv denied 17 NY3d 820 [2011], reconsideration denied 17 NY3d 904 [2011]).
Contrary to defendant's further contention, viewing the evidence in light of the elements of the crime as charged to the jury (see Danielson, 9 NY3d at 349), and according deference to the jury's credibility determinations (see People v Romero, 7 NY3d 633, 644 [2006]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]; People v Haynes, 39 AD3d 562, 563 [2d Dept 2007], lv denied 9 NY3d 845 [2007]). Even assuming, arguendo, that a different verdict would not have been unreasonable, we cannot say that "the jury failed to give the evidence the weight it should be accorded" (People v Jackson, 162 AD3d 1567, 1567 [4th Dept 2018], lv denied 32 NY3d 938 [2018]; see generally Bleakley, 69 NY2d at 495).
Defendant also contends that the verdict is repugnant inasmuch as the jury acquitted him of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]) and convicted him of assault in the first degree (§ 120.10 [1]). We reject that contention. A repugnancy claim must be "[e]xamined against the elements of the crimes as charged by the trial court and without regard to the particular facts of the case" (People v Johnson, 70 NY2d 819, 820 [1987]; see People v Muhammad, 17 NY3d 532, 539 [2011]). "[A] conviction will be reversed [as repugnant] only in those instances where acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime, as charged, for which the guilty verdict was rendered" (People v Tucker, 55 NY2d 1, 7 [1981], rearg denied 55 NY2d 1039 [1982]). Here, defendant's acquittal on the weapon charge did not necessarily negate an essential element of the assault charge of which he was convicted (see generally People v Colsrud, 144 AD3d 1639, 1639 [4th Dept 2016], lv denied 29 NY3d 1030 [2017]; People v Smith, 140 AD3d 1774, 1775 [4th Dept 2016], lv denied 28 NY3d 1127 [2016]).
Defendant's contention that he was deprived of a fair trial due to prosecutorial misconduct is for the most part unpreserved for our review (see CPL 470.05 [2]; see generally People v Alligood, 115 AD3d 1346, 1347-1348 [4th Dept 2014], lv denied 23 NY3d 1017 [2014]). In any event, "[r]eversal on grounds of prosecutorial misconduct is mandated only when the conduct has caused such substantial prejudice to the defendant that he [or she] has been denied due process of law' " (People v Rubin, 101 AD2d 71, 77 [4th Dept 1984], lv denied 63 NY2d 711 [1984]) and, here, we conclude that any improprieties were " not so egregious as to deprive defendant of a fair trial' " (People v Graham, 125 AD3d 1496, 1498 [4th Dept 2015], lv denied 20 NY3d 1008 [2015]).
Finally, the sentence is not unduly harsh or severe.
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court