◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WILLIAMS, Appellant. [838 NYS2d 319]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered November 29, 2005. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree and unlawful imprisonment in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice and on the law by reversing that part convicting defendant of robbery in the second degree and dismissing the second count of the indictment and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Erie County, for proceedings pursuant to CPL 470.45.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of robbery in the second degree (Penal Law § 160.10 [3]) and unlawful imprisonment in the second degree (§ 135.05). Defendant failed to preserve for our review his contention concerning the legal sufficiency of the evidence with respect to the robbery conviction (*see People v Gray*, 86 NY2d 10, 19 [1995]). We nevertheless exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]), and we agree with defendant that the evidence is legally insufficient to support the conviction of that count (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We therefore modify the judgment accordingly.

A person is guilty of the crime of robbery in the second degree under Penal Law § 160.10 (3) "when he forcibly steals property and when . . . [t]he property consists of a motor vehicle." "A person forcibly steals property and commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person" (§ 160.00). It is impossible to commit a robbery without also committing a larceny. We conclude that the evidence is legally insufficient to establish that defendant committed a larceny involving a motor vehicle.

A person "commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof" (Penal Law § 155.05 [1]). "The

mens rea element of larceny, however, is simply not satisfied by an intent temporarily to use property without the owner's permission, or even an intent to appropriate outright the benefits of the property's short-term use" (*People v Jennings*, 69 NY2d 103, 119 [1986]; *see* Penal Law § 155.00 [3], [4]). Viewing the evidence in the light most favorable to the People, we conclude that there is no valid line of reasoning or permissible inferences to support a conclusion that defendant intended "to exert permanent or virtually permanent control over the [motor vehicle], or to cause permanent or virtually permanent loss to the owner of the possession and use [of the motor vehicle]" (*Jennings*, 69 NY2d at 118).

We reject the further contention of defendant that he was denied his statutory right to a speedy trial. Defendant contends that, because of his incompetency, his arraignment on the indictment was a nullity and thus that the People's statement of readiness for trial, made at the time of the arraignment, was ineffective. The People's ability to declare readiness for trial is not dependent upon an arraignment, and it is not necessary for defendant to be present when the People declare their readiness for trial (*see People v Carter*, 91 NY2d 795, 798 [1998]). Here, the People stated their readiness for trial 183 days following commencement of the criminal action and, excluding the 29 days for adjournments requested by defendant and the time during which defendant was engaged in competency proceedings, the People effectively announced readiness well within the six months allowed under CPL 30.30.

We also reject the contention of defendant that he was denied the right to effective assistance of counsel. Defendant did not "demonstrate the absence of strategic or other legitimate explanations" for the failure of defense counsel to file a CPL 250.10 notice of intent to proffer psychiatric evidence or his failure to request that defendant testify before the grand jury (*People v Rivera*, 71 NY2d 705, 709 [1988]). We note in any event that, pursuant to CPL 730.40 (3), defendant had no absolute right to testify before the grand jury while proceedings concerning his competency were in progress. The further contention of defendant that he was denied effective assistance of counsel because defense counsel failed to seek recusal of the trial justice based on her alleged bias is not reviewable on direct appeal inasmuch as it concerns matters outside the record on appeal (*see People v Leno*, 21 AD3d 1399, 1400 [2005], *lv denied* 5 NY3d 883 [2005]).

In light of our determination, we do not reach defendant's remaining contentions. Present—Martoche, J.P., Lunn, Peradotto, Green and Pine, JJ.