THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHRISTOPHER E. ABEEL, Respondent. [888 NYS2d 696]—

Appeal from an order of the Steuben County Court (Marianne Furfure, J.), entered March 10, 2009. The postverdict order granted defendant's motion to dismiss the indictment.

It is hereby ordered that the order so appealed from is unanimously reversed on the law, the motion is denied, the indictment and the verdict are reinstated, and the matter is remitted to Steuben County Court for sentencing.

Memorandum: The People appeal from a *postverdict order*, following a jury trial, granting defendant's motion to dismiss the indictment pursuant to CPL 290.10 (1). Defendant was charged with grand larceny in the third degree (Penal Law § 155.35) in an indictment alleging that he stole $3,125. While neither the indictment nor the bill of particulars narrowed the prosecution's theory any further, the People proceeded at trial on the theory that defendant stole the money by making a false promise (*see* § 155.05 [2] [d]). At trial, the People introduced evidence that defendant bid a construction project at St. James

Episcopal Church (Church), estimating the costs of both materials and labor, and that defendant was awarded the contract. Before beginning any repair work, he received $3,125, which was his estimate of the cost of materials for the project. The People further presented evidence that defendant never began to work on the project and never returned the money.

As the People correctly contend, County Court erred in granting the motion inasmuch as the evidence is legally sufficient to support a conviction of larceny by false promise. "A person obtains property by false promise when, pursuant to a scheme to defraud, he obtains property of another by means of a representation, express or implied, that he [or she] . . . will in the future engage in particular conduct, and when he [or she] does not intend to engage in such conduct" (Penal Law § 155.05 [2] [d]). It is well established that, "[i]n any prosecution for larceny based upon a false promise, the defendant's intention or belief that the promise would not be performed may not be established by or inferred from the fact alone that such promise was not performed" (id.). Rather, the defendant's "intent must be inferred from the facts and circumstances" (People v Carey, 103 AD2d 934, 934 [1984]). Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that " ' [t]he inference of wrongful intent logically flow[s] from the proven facts,' and there is a 'valid line of reasoning [that] could lead a rational trier of fact . . . to conclude that the defendant committed the charged crime,' i.e., larceny by false promise" (People v Barry, 34 AD3d 1258 [2006], lv denied 8 NY3d 919 [2007], quoting People v Norman, 85 NY2d 609, 620 [1995]; see People v Miller, 23 AD3d 699, 701 [2005], lv denied 6 NY3d 815 [2006]).

The evidence presented by the People established that defendant bid on and was awarded a construction project for the Church and that, at the time he received the $3,125, he had a present intent not to perform that work (see Norman, 85 NY2d at 623). Defendant received the money on May 2, 2007. On that date or shortly thereafter, defendant spent all of the money received from the Church "on past-due personal and business bills without using any of it to purchase materials for [the Church's repair work]" (id.; see People v Patterson, 135 AD2d 883, 884 [1987]). Defendant failed to return calls from Church officials and, when questioned by the investigating Trooper, defendant "offered a series of dubious excuses for failing to [perform the work]" (Norman, 85 NY2d at 623). Indeed, viewing the evidence in the light most favorable to the People, defendant gave "patently false statement[s]" to the investigating

Trooper by claiming that he had been in jail for three months and that he had used the money to pay his employees' wages (*id.*). The People presented testimony establishing that defendant was in jail for only 18 days and that he did not use any of the money received from the Church to pay employee wages.

In granting defendant's motion, the court concluded that the People had impermissibly changed the theory of the prosecution. We cannot agree. Throughout the trial, the People submitted evidence that defendant promised to perform repair work and received a sum of money based on that promise. In his comments on summation, however, the prosecutor discussed that promise as well as a second promise, which was that defendant promised to use the money for the sole purpose of buying the materials for the project. The prosecutor argued that, when defendant received the money, he had no intention to use the money for such materials. We agree with the court that there is no evidence that defendant made any promise concerning the manner in which he would spend the money received. He estimated only that the cost of the materials for the project would be $3,125, and he requested that money up front.

There are of course cases in which the evidence at trial or the prosecutor's comments on summation impermissibly change the theory of the prosecution (*see People v Greaves*, 1 AD3d 979, 980-981 [2003]). In such cases, the courts have concluded that, "[i]n presenting theories different from those set forth in the indictment and bill of particulars . . . , the People violated defendant's 'fundamental and nonwaivable' right to be tried on only those crimes charged in the indictment . . . as limited by the bill of particulars" (*id.* at 980). Here, however, the People did not change their theory of the prosecution. Neither the indictment nor the bill of particulars specified any particular promise upon which the prosecution was based, and we conclude that "defendant received the requisite fair notice of the accusations against him" (*People v McCallar*, 53 AD3d 1063, 1065 [2008], *lv denied* 11 NY3d 833 [2008] [internal quotation marks omitted]; *see generally People v Grega*, 72 NY2d 489, 495 [1988]; *People v Wilson*, 61 AD3d 1269, 1271-1272 [2009]). Although the prosecutor mentioned both promises on summation, he stressed that "most basically," defendant promised "to do the job." The fact that defendant used the materials money for other purposes is evidence supporting the inference that, when defendant received the money, he had no intention to perform the work. Present—Hurlbutt, J.P., Centra, Fahey, Carni and Pine, JJ.