# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1154

KA 09-01960

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

TROY R. GRIFFIN, DEFENDANT-APPELLANT.

---

CHARLES T. NOCE, CONFLICT DEFENDER, ROCHESTER (KIMBERLY J. CZAPRANSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered September 10, 2009. The judgment convicted defendant, upon a nonjury verdict, of rape in the first degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a nonjury trial of rape in the first degree (Penal Law § 130.35 [3]) and endangering the welfare of a child (§ 260.10 [1]), defendant contends that Supreme Court erred in denying his motion to dismiss the indictment on statutory speedy trial grounds (*see* CPL 30.30). In support of his motion, defendant asserted that the People's bill of particulars was due on January 7, 2009—15 days after defendant's request (*see* CPL 200.95 [2])—but that it was not served until August 10, 2009. According to defendant, the time period from January 7 to August 10, which exceeds six months, constitutes postreadiness delay that should be charged to the People, thus warranting dismissal under CPL 30.30. We reject that contention.

Prior to their failure to serve a timely bill of particulars, the People announced their readiness for trial on the record, and "[f]ailing to serve a bill of particulars is in no way inconsistent with the prosecution's continued readiness" (*People v Cole*, 90 AD2d 27, 29; *see generally People v Anderson*, 66 NY2d 529, 534-536). We addressed a similar contention in *People v Runion* (107 AD2d 1080), determining that "[t]he court should not have granted the motion made under CPL 30.30 to dismiss the indictment because of the delays of the prosecutor, after she had announced her readiness for trial, in providing discovery materials and in serving a supplemental bill of particulars. Defendant's remedies for such delays do not include

dismissal under CPL 30.30" (*id.* at 1080).  Defendant's reliance on
*People v McCaffrey* (78 AD2d 1003), which was decided before *Runion*, is
misplaced inasmuch as that case appears to have involved prereadiness
delay and not, as here, allegations of postreadiness delay, which is
treated differently under CPL 30.30 (*see Cole*, 90 AD2d at 30; *see
generally People v Cortes*, 80 NY2d 201, 211).

        We reject defendant's further contention that the time frame set
forth in the indictment during which the offenses were committed
violated his right to adequate notice and the opportunity to prepare a
defense.  The victim was 10 years old when the crimes were committed,
and she did not report them to the police until approximately five
years later.  Based on information obtained from the victim and other
sources, a police investigator determined that the offenses were
committal during a two-month period in the summer of 2003.  That time
frame was reasonable under the circumstances (*see People v Watt*, 81
NY2d 772, 774-775), and sufficiently specific to permit defendant to
prepare a defense (*see generally People v Keindl*, 68 NY2d 410, 416;
*People v Morris*, 61 NY2d 290, 293).

        Defendant's contention that the evidence at trial is legally
insufficient to support the conviction is not preserved for our review
because he failed to move for a trial order of dismissal at the close
of his case (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d
678).  In any event, the victim testified that defendant had sexual
intercourse with her when she was 10 years old, and we conclude that
her testimony, viewed in the light most favorable to the People (*see
People v Contes*, 60 NY2d 620, 621), is legally sufficient to establish
defendant's guilt.  Moreover, the testimony of the victim that the
incident occurred during the summer of 2003, along with evidence that
defendant was incarcerated on another offense in 2003 until July 13 of
that year, is legally sufficient to establish that the crimes were
committed during the time frame alleged in the indictment, i.e., July
13, 2003 to September 30, 2003 (*see generally People v Bleakley*, 69
NY2d 490, 495).

        Viewing the evidence in light of the elements of the crimes in
this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we
further conclude that the verdict is not against the weight of the
evidence (*see generally Bleakley*, 69 NY2d at 495).  Although defendant
contends that the victim's testimony was not credible, the credibility
issues identified by defendant on appeal were placed before the court
at trial.  Where, as here, witness credibility is of paramount
importance to the determination of guilt or innocence, we must give
great deference to the finder of fact, which had the "opportunity to
view the witnesses, hear the testimony and observe demeanor" (*id.*; *see
People v Harris*, 15 AD3d 966, 967, *lv denied* 4 NY3d 831).  Although an
acquittal would not have been unreasonable given the inconsistencies
in the victim's testimony (*see People v Kilbury*, 83 AD3d 1579, 1580-
1581, *lv denied* 17 NY3d 860; *People v Hill*, 74 AD3d 1782, 1782, *lv
denied* 15 NY3d 805), it cannot be said that the court failed to give
the evidence the weight it should be accorded (*see generally Bleakley*,
69 NY2d at 495; *People v Gaston*, 100 AD3d 1463, 1464).

Contrary to defendant's contention, the sentence—a determinate term of imprisonment of 10 years—is not unduly harsh or severe. Defendant has two prior felony convictions, one of them for a sexual offense, and the court herein could have sentenced him to 25 years in prison for the crime of rape in the first degree.  Under the circumstances, we perceive no basis to modify his sentence as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]).

We have reviewed defendant's remaining contentions and conclude that they lack merit.

Entered:  November 8, 2013                          Frances E. Cafarell
                                                    Clerk of the Court