SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

250

KA 11-02600

PRESENT: SMITH, J.P., CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

IRA MCCULLARS, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE COOK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered September 27, 2011. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree and conspiracy in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of burglary in the first degree (Penal Law § 140.30 [4]) and conspiracy in the fourth degree (§ 105.10 [1]), arising from his participation in a home invasion on July 14, 2010, with three other people. Contrary to defendant's contention, his statutory right to a speedy trial was not violated. The record establishes that on July 15, 2010, a felony complaint was filed against defendant, charging him with burglary in the first degree, robbery in the first degree, and criminal use of a firearm in the first degree. On July 22, 2010, defense counsel "waived the case out of Solvay [Village Court]" and, in September 2010, the People filed an indictment against the three other alleged participants, but the People refused to dismiss the felony complaint against defendant. On January 12, 2011, three days before the expiration of the six-month statutory period for the People to comply with their obligation to be ready for trial (*see* CPL 30.30 [a] [1]), the People filed a superseding indictment that charged defendant and the three other alleged participants. At that time, the People announced their readiness for trial on the record and sent defense counsel a *Kendzia* letter (*see People v Kendzia*, 64 NY2d 331, 337). On February 4, 2011, the court granted defendant's motion to dismiss the January indictment as having been obtained in violation of his right to testify before the grand jury (*see* CPL 190.50 [5]). Later that day, the People filed a superseding indictment against defendant and announced their

readiness for trial prior to entry of the order dismissing the January indictment. We conclude that the People's announcement of readiness on January 12, 2011, i.e., within six months of the commencement of the criminal action against defendant (*see* CPL 30.30 [1] [a]), "satisfie[d] their obligation to answer ready on the subsequent indictment" (*People v Marsh*, 127 AD2d 945, 947, *lv denied* 70 NY2d 650; *see People v Stone*, 265 AD2d 891, 892, *lv denied* 94 NY2d 907; *People v Jones*, 185 AD2d 655, 656, *lv denied* 81 NY2d 888; *see generally People v Farkas*, 16 NY3d 190, 193). Contrary to defendant's contention, the People's announcement of readiness for trial on January 12, 2011 was not a "sham" (*see generally Kendzia*, 64 NY2d at 337). We reject defendant's further contention that the People are chargeable with postreadiness delay for their alleged failure to provide discovery and a bill of particulars. " 'Defendant's remedies for such delays do not include dismissal under CPL 30.30' " (*People v Griffin*, 111 AD3d 1355, 1356, *lv denied* 22 NY3d 1139). We reject defendant's further contention that the People are chargeable with delay for the adjournment of an independent source hearing. The People were entitled to a reasonable time to prepare for the hearing after defense counsel provided them with a recorded interview of the People's witness who was to testify at that hearing, and the time permitted for the adjournment of that hearing was excludable (*see* CPL 30.30 [4] [a], [g]; *People v Moolenaar*, 262 AD2d 60, 60, *lv denied* 94 NY2d 826).

Contrary to defendant's contention, the evidence viewed in the light most favorable to the People is legally sufficient to support the conviction (*see People v Contes*, 60 NY2d 620, 621; *see generally People v Bleakley*, 69 NY2d 490, 495). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Indeed, based upon our independent review of the evidence, we conclude that a different verdict would have been unreasonable (*see People v Peters*, 90 AD3d 1507, 1508, *lv denied* 18 NY3d 996; *see generally Bleakley*, 69 NY2d at 495). The sentence is not unduly harsh or severe.

We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.

Entered: March 27, 2015                    Frances E. Cafarell
                                           Clerk of the Court