# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**219**

**KA 11-02357**

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                     MEMORANDUM AND ORDER

LORENZO D. WILLIAMS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, TREVETT CRISTO SALZER & ANDOLINA P.C. (ERIC M. DOLAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered September 30, 2011. The judgment convicted defendant, upon a jury verdict, of offering a false instrument for filing in the first degree, offering a false instrument for filing in the second degree, and practicing or appearing as attorney-at-law without being admitted and registered.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, that part of the omnibus motion seeking to dismiss the indictment pursuant to CPL 30.30 is granted, and the indictment is dismissed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of offering a false instrument for filing in the first degree (Penal Law § 175.35), offering a false instrument for filing in the second degree (Penal Law § 175.30), and two counts of practicing or appearing as an attorney-at-law without being admitted and registered (Judiciary Law § 478). The convictions arose from defendant filing two notices of retainer and appearance with the New York State Workers' Compensation Board.

We agree with defendant that County Court erred in denying that part of his omnibus motion seeking to dismiss the indictment pursuant to CPL 30.30. Initially, we note that the People failed to preserve for our review their present contention that they discharged their duty under CPL 30.30 on March 7, 2006 inasmuch as they failed to raise it in the court below (*see People v Garcia*, 296 AD2d 509, 510; *see generally People v Pallagi*, 91 AD3d 1266, 1267) and, thus, this Court has no power to review that contention (*see* CPL 470.15 [1]; *People v Concepcion*, 17 NY3d 192, 195; *People v LaFontaine*, 92 NY2d 470, 474, *rearg denied* 93 NY2d 849).

In opposition to defendant's CPL 30.30 application, the People contended that the period from May 1, 2006 to March 9, 2011 in which defendant was absent from the jurisdiction was not chargeable to them. "A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence" (CPL 30.30 [4] [c] [i]).  "The police are not required to search for a defendant indefinitely, but they must exhaust all reasonable investigative leads as to his or her whereabouts" (*People v Devore*, 65 AD3d 695, 697; *see People v Petrianni*, 24 AD3d 1224, 1224-1225).  Here, the People "failed to prove either that the defendant was attempting to avoid apprehension or that his location could not be determined by due diligence, a necessary predicate for an exclusion based upon the defendant's absence" (*Devore*, 65 AD3d at 696).  As a result, the period from May 1, 2006 to March 9, 2011 should not have been excluded from the speedy trial calculation.  We therefore grant that part of defendant's omnibus motion seeking to dismiss the indictment pursuant to CPL 30.30.

Entered:  March 25, 2016                    Frances E. Cafarell
                                            Clerk of the Court