# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

76

KA 15-00040

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DASHAWN A. BUTLER, ALSO KNOWN AS DASHAWN BUTLER,
ALSO KNOWN AS DASHAWN ALLEN BUTLER,
DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CAITLIN M. CONNELLY OF COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (SHIRLEY A. GORMAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered December 22, 2014. The judgment convicted defendant, upon a jury verdict, of criminal use of a firearm in the second degree, criminal possession of a weapon in the fourth degree and attempted assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reversing that part convicting defendant of criminal use of a firearm in the second degree and dismissing count one of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal use of a firearm in the second degree (Penal Law § 265.08 [2]), criminal possession of a weapon in the fourth degree (§ 265.01 [1]), and attempted assault in the first degree (§§ 110.00, 120.10 [1]), arising from an incident in which defendant pointed a gun at the victim and fired several rounds. Contrary to defendant's contention, we conclude that the conviction of criminal possession of a weapon in the fourth degree is supported by legally sufficient evidence that the firearm was operable, and the conviction of attempted assault in the first degree is supported by legally sufficient evidence that the firearm was both operable and loaded with live ammunition (*see generally People v Shaffer*, 66 NY2d 663, 664). Despite the lack of forensic evidence, "the People supplied the necessary proof through circumstantial evidence, i.e., eyewitness testimony and surrounding circumstances" (*People v Spears*, 125 AD3d 1401, 1402, *lv denied* 25 NY3d 1172 [internal quotation marks omitted]). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d

342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

We reject defendant's contention that he was denied his right to confront one of the witnesses against him when County Court received in evidence that witness's grand jury testimony. A defendant may not assert his or her constitutional right of confrontation to prevent the admission of grand jury testimony when " 'it has been shown that the defendant procured the witness's unavailability through violence, threats, or chicanery' " (*People v Smart*, 23 NY3d 213, 220; *see People v Vernon*, 136 AD3d 1276, 1278, *lv denied* 27 NY3d 1076). At a *Sirois* hearing, a police detective testified that the witness told him that defendant had threatened to harm her if she said anything about the shooting. The detective convinced the witness to come to the courthouse on the day of trial but, upon her arrival, she refused to testify because defendant had confronted her during the prior weekend and said that he wanted to "beat the shit out of her" for testifying before the grand jury. In addition, a man who identified himself as defendant's cousin told her that "she had snitched" and threatened to kill her. Based on the foregoing, we conclude that the court properly determined that the People established by the requisite clear and convincing evidence that the witness was unavailable to testify due to defendant's misconduct (*see People v Geraci*, 85 NY2d 359, 370; *People v Miller*, 61 AD3d 1429, 1429, *lv denied* 12 NY3d 927).

We reject defendant's further contention that the court erred in denying his motion to dismiss the indictment pursuant to CPL 30.30. "[T]he period of delay resulting from the absence or unavailability of the defendant" is not chargeable to the People, and "[a] defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence" (CPL 30.30 [4] [c] [i]). " 'The police are not required to search for a defendant indefinitely, but they must exhaust all reasonable investigative leads as to his or her whereabouts' " (*People v Williams*, 137 AD3d 1709, 1710). At the hearing on defendant's motion, a police sergeant testified that, during the 57-day period before defendant was apprehended, the police conducted street investigations, held regular briefings, shared intelligence, monitored social media accounts that the police believed to contain information about defendant, and surveilled residences where defendant may have been staying. In light of those efforts to locate defendant, we conclude that the court properly excluded that time from the speedy trial calculation (*see People v Hawkins*, 130 AD3d 1298, 1300-1301, *lv denied* 26 NY3d 968).

Defendant contends that the grand jury proceedings were defective because the prosecutor failed to disclose evidence favorable to the defense prior to the grand jury proceeding or present that evidence to the grand jury. We reject that contention inasmuch as the allegedly favorable evidence was not "entirely exculpatory" (*People v Gibson*, 260 AD2d 399, 399, *lv denied* 93 NY2d 924), and the failure to disclose that evidence or present it to the grand jury "did not result in a needless or unfounded prosecution" (*People v Smith*, 289 AD2d 1056, 1057, *lv denied* 98 NY2d 641 [internal quotation marks omitted]).

Defendant's challenge to the court's *Sandoval* ruling is not preserved for our review inasmuch as defendant did not object to the court's ultimate ruling (*see People v Davey*, 134 AD3d 1448, 1450). In any event, the record establishes that the court "weighed appropriate concerns and limited both the number of convictions and the scope of permissible cross-examination" (*id.* at 1451 [internal quotation marks omitted]), and thus we conclude that the court's ruling does not constitute an abuse of discretion.

We agree with defendant, however, that the use or display of the firearm while committing the class C felony of attempted assault in the first degree cannot serve as the predicate for his conviction of criminal use of a firearm in the second degree inasmuch as the use or display of that same firearm satisfied an element of attempted assault in the first degree (*see People v Brown*, 67 NY2d 555, 560-561, *cert denied* 479 US 1093; *People v Wegman*, 2 AD3d 1333, 1335, *lv denied* 2 NY3d 747). Although defendant failed to preserve that contention for our review (*see People v Simpson*, 292 AD2d 852, 853, *lv denied* 98 NY2d 655), we exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]), and we modify the judgment by reversing that part convicting him of criminal use of a firearm in the second degree and dismissing that count of the indictment. We reject defendant's further contention that the count charging criminal possession of a weapon in the fourth degree is an inclusory concurrent count of attempted assault in the first degree (*see People v Solomon*, 96 AD3d 1396, 1397; *see generally People v Miller*, 168 AD2d 642, 642, *lv denied* 78 NY2d 956).

Finally, the sentence is not unduly harsh and severe.

Entered:  March 24, 2017                    Frances E. Cafarell
                                            Clerk of the Court