People v Yannarilli (2021 NY Slip Op 00723)





People v Yannarilli


2021 NY Slip Op 00723


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


845 KA 18-02067

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TONI D. YANNARILLI, DEFENDANT-APPELLANT. 






MARY M. WHITESIDE, NORTH HOLLYWOOD, CALIFORNIA, FOR DEFENDANT-APPELLANT.


 Appeal from a judgment of the Allegany County Court (Thomas P. Brown, J.), rendered June 19, 2018. The judgment convicted defendant, upon her plea of guilty, of criminal possession of a controlled substance in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting her, upon a plea of guilty, of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]), defendant contends that County Court erred in denying that part of her omnibus motion seeking to dismiss the indictment on statutory speedy trial grounds (see generally CPL 30.30). We affirm.
"CPL 30.30 (1) (a) states that the People must be ready for trial within six months of the commencement of a criminal action, exclusive of the days chargeable to the defense" (People v Waldron, 6 NY3d 463, 467 [2006]). When a defendant makes a motion pursuant to CPL 30.30, he or she "bears the initial burden of alleging that the People were not ready for trial within the statutorily prescribed time period" (People v Allard, 28 NY3d 41, 45 [2016]; see People v Goode, 87 NY2d 1045, 1047 [1996]). If the defendant meets that burden, the People must " 'identify the exclusions on which they intend to rely' " (Allard, 28 NY3d at 45).
It is undisputed that the speedy trial clock began to run when the felony complaint was filed on August 23, 2015 (see CPL 1.20 [17]; People v Osgood, 52 NY2d 37, 43 [1980]), and that the People had six months from that date, or 184 days, to announce their readiness for trial (see CPL 30.30 [1] [a]; People v Cooper, 90 NY2d 292, 294 [1997]). The People's announcement of readiness did not occur until June 15, 2016, i.e., 297 days after the felony complaint was filed.
As an initial matter, we conclude that defendant met her initial burden of establishing that the People were not ready for trial within six months of the commencement of the action, and the burden shifted to the People to establish sufficient excludable time (see People v Berkowitz, 50 NY2d 333, 349 [1980]; People v Gushaw [appeal No. 2], 112 AD2d 792, 793 [4th Dept 1985], lv denied 66 NY2d 919 [1985]). We further conclude, however, that the People met their burden.
Contrary to defendant's contention, the period from August 23 to August 25, 2015 is excludable inasmuch as the Allegany County Public Defender's Office first appeared on behalf of defendant on August 25, 2015, and defense counsel sent the assistant district attorney assigned to the case an email on August 26, 2015 requesting an adjournment. The time between defendant's arraignment on the felony complaint on August 23, 2015 and defense counsel's first appearance was properly excluded inasmuch as defendant was without counsel during that time period through no fault of the court (see CPL 30.30 [4] [f]; People v Harrison, 171 AD3d 1481, 1482 [4th Dept 2019]; People v Rickard, 71 AD3d 1420, 1420-1421 [4th Dept 2010], lv denied 15 NY3d 809 [2010]).
Defendant further contends that the period from August 26 to September 23, 2015 should be chargeable to the People because there was no explicit waiver of the right to a speedy trial under CPL 30.30. We reject that contention. Pursuant to the statute, "a court can exclude 'the period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his [or her] counsel' " (People v Barden, 27 NY3d 550, 553 [2016], quoting CPL 30.30 [4] [b]). Here, defense counsel's August 26, 2015 email to the assistant district attorney specifically requested to "adjourn it over to September," and therefore the court properly excluded that time period from the speedy trial calculation (see People v Williams, 41 AD3d 1252, 1254 [4th Dept 2007]). We reach the same conclusion with respect to the period from November 4, 2015 to January 6, 2016 (see generally id.).
We agree, however, with defendant, in part, regarding the period from May 6 to June 15, 2016. The arraignment on the indictment was scheduled for May 9, 2016, and due to defense counsel's illness, on May 6, 2016, defense counsel requested a one-week adjournment, which was granted, and the matter was adjourned to June 15, 2016 due to scheduling conflicts and "calendar congestion." In general, "the People should be charged with pre-readiness delays caused by court congestion," and that rule "is premised on the idea that such delays do not inhibit the People from declaring readiness in writing, through an off-calendar statement" (Barden, 27 NY3d at 556). Thus, we conclude that the one-week adjournment is chargeable to defendant because defense counsel requested it, but defense counsel's accommodation of the court's schedule was chargeable to the People (see id.). Consequently, we conclude that 30 days should be added to the court's calculation of 148 days that were chargeable to the People, for a total of 178 days. Nonetheless, as noted above, the statutory six-month period equated to 184 days, and therefore the People announced their readiness within the statutory time period.
We have reviewed defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court