People v Edmead (2021 NY Slip Op 04838)





People v Edmead


2021 NY Slip Op 04838


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


517 KA 19-00587

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HEATH EDMEAD, DEFENDANT-APPELLANT. 






ADAM H. VANBUSKIRK, AUBURN, FOR DEFENDANT-APPELLANT. 
HEATH EDMEAD, DEFENDANT-APPELLANT PRO SE.
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (ERICH D. GROME OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered January 8, 2019. The judgment convicted defendant upon a jury verdict of grand larceny in the third degree and grand larceny in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of grand larceny in the third degree (Penal Law
§ 155.35 [1]) and grand larceny in the fourth degree (§ 155.30 [1]), arising from an incident in which he gave two checks to the victims as payment for a tractor and trailer, and the checks were dishonored. Contrary to defendant's contention in his main and pro se supplemental briefs, the evidence is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that there is a "valid line of reasoning and permissible inferences" that could lead a rational person to conclude beyond a reasonable doubt that defendant had the intent to steal the property when he took the tractor and trailer from the victims (People v Delamota, 18 NY3d 107, 113 [2011]; see generally People v Abeel, 67 AD3d 1408, 1409-1410 [4th Dept 2009]). We reject defendant's contention in his pro se supplemental brief that, because he issued post-dated checks, that negated the requisite intent to steal, thereby rendering the evidence legally insufficient. There was evidence from which the jury could have concluded that the checks were not post-dated, and even assuming, arguendo, that the jury concluded that the checks were post-dated, we conclude that "[t]he jury was entitled to infer that defendant had the requisite intent to commit . . . larceny" based on the evidence at trial (People v Reed, 163 AD3d 1446, 1448 [4th Dept 2018], lv denied 32 NY3d 1067 [2018]; see also Abeel, 67 AD3d at 1409-1410). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention in his main and pro se supplemental briefs that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant further contends in his main brief that he was denied his constitutional and statutory rights to a speedy trial. Upon our review of the relevant factors (see People v Taranovich, 37 NY2d 442, 445 [1975]), we conclude that defendant was not deprived of his constitutional right to a speedy trial (see People v Hewitt, 144 AD3d 1607, 1608 [4th Dept 2016], lv denied 28 NY3d 1185 [2017]), and we note in particular that "there is a complete lack of any evidence that the defense was impaired by reason of the delay" (People v Benjamin, 296 AD2d 666, 667 [3d Dept 2002]; see People v Schillawski, 124 AD3d 1372, 1373 [4th Dept 2015], lv denied 25 NY3d 1207 [2015]; see generally People v Pulvino, 115 AD3d 1220, 1222-1223 [4th Dept 2014], lv denied 23 NY3d 1024 [2014]). In addition, we note that the majority of the delay is attributable to adjournments granted at defendant's request to permit him to address charges in [*2]other jurisdictions (see generally People v Mack, 126 AD3d 657, 657 [1st Dept 2015], lv denied 25 NY3d 1167 [2015]).
We further conclude that defendant's statutory right to a speedy trial was not violated (see CPL 30.30 [1] [a]). We conclude that defendant met his initial burden "of alleging that the People were not ready for trial within the statutorily prescribed time period" (People v Allard, 28 NY3d 41, 45 [2016]), and that the burden therefore shifted to the People to demonstrate "sufficient excludable time" (People v Kendzia, 64 NY2d 331, 338 [1985]). Nevertheless, we reject defendant's contention that County Court erred in concluding that the People established that sufficient time was excludable from the speedy trial calculation. With respect to defendant's challenge to the delay prior to arraignment in local court, in computing the time within which the People must be ready for trial, the court must exclude, inter alia, the period of delay resulting from defendant's absence (see CPL 30.30 [4] [c] [i]). "A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence" (id.), and " '[t]he police are not required to search for a defendant indefinitely' " (People v Williams, 137 AD3d 1709, 1710 [4th Dept 2016]; see People v Butler, 148 AD3d 1540, 1541 [4th Dept 2017], lv denied 29 NY3d 1090 [2017]). Here, the People established that they undertook sufficient efforts to locate defendant until such time as he was eventually located after his arrest under a different name in New York City. Thus, we conclude that the People exercised due diligence in attempting to locate defendant during the time period at issue, and therefore the time that defendant challenges prior to his arraignment in local court was properly excluded from the speedy trial calculation (see People v Anderson, 188 AD3d 1699, 1700-1701 [4th Dept 2020], lv denied 36 NY3d 1055 [2021]; cf. Williams, 137 AD3d at 1710-1711).
Several other periods of time are properly charged to the People for speedy trial purposes. The 45 days between defendant's arraignment in local court on November 20, 2015, and the People's written statement of readiness on January 4, 2016, is not excludable (see generally People v Brown, 28 NY3d 392, 403-404 [2016]). Similarly, the two-week adjournment that the People requested on March 28, 2016 to respond to previously served motions, and the 21 days between September 6, 2016 and September 27, 2016 that the People requested for the same reason, are chargeable to them for speedy trial purposes (see e.g. People v Figueroa, 15 AD3d 914, 915 [4th Dept 2005]; see generally People v Anderson, 66 NY2d 529, 536-538 [1985]). Defendant's challenge to the period between April and July 2016, however, lacks merit because the record reflects that defendant's standby defense counsel requested an adjournment of part of that time (see People v Yannarilli, 191 AD3d 1327, 1329 [4th Dept 2021], lv denied 37 NY3d 961 [2021]; People v Williams, 41 AD3d 1252, 1254 [4th Dept 2007]), and because that period of delay was the result of defendant's motion for a Wade hearing. In other words, the delay was completely "attributable to defense motions" (People v Piquet, 46 AD3d 1438, 1439 [4th Dept 2007], lv denied 10 NY3d 770 [2008]). Defendant failed to preserve his contention that the People are responsible for a delay in providing the grand jury minutes because he did not challenge any specific time period in the motion court (see People v Beasley, 16 NY3d 289, 292-293 [2011]). In any event, the record establishes that the People provided those minutes within a reasonable time (see People v Rucker, 132 AD2d 968, 969 [4th Dept 1987], lv denied 70 NY2d 803 [1987]; see generally People v Harris, 82 NY2d 409, 413 [1993]) and therefore that period of time is not chargeable to the People.
Thus, after taking into consideration excludable periods of time, we conclude that the People announced readiness for trial well within the statutory six-month time frame (see People v Harrison, 171 AD3d 1481, 1482 [4th Dept 2019]). Contrary to defendant's further contention, the filing of the superseding indictment did not render the People's prior announcements of readiness invalid. To the contrary, "[t]he People's announcement of readiness for trial with respect to the first indictment satisfied CPL 30.30 with respect to . . . that indictment. It also satisfied the People's obligation with respect to the second indictment" (People v Stone, 265 AD2d 891, 892 [4th Dept 1999], lv denied 94 NY2d 907 [2000]; see People v McCullars, 126 AD3d 1469, 1470 [4th Dept 2015], lv denied 25 NY3d 1167 [2015]; see generally People v Sinistaj, 67 NY2d 236, 239-240 [1986]). Nor did the filing of the superseding indictment render the People's statements of readiness on the first indictment illusory. It is well settled that a statement of readiness is not illusory where, as here, the People are able to proceed to trial upon the original indictment at the time the statement is made (see People v Brown, 269 AD2d 809, 809 [4th Dept 2000], affd 96 NY2d 80 [2001]; People v Hewitt, 144 AD3d 1607, 1607-1608 [4th [*3]Dept 2016], lv denied 28 NY3d 1185 [2017]; People v Watkins, 17 AD3d 1083, 1083 [4th Dept 2005], lv denied 5 NY3d 771 [2005]).
We reject defendant's contention in his main and pro se supplemental briefs that the court erred in permitting the People to amend the theory of the prosecution from larceny by issuing a bad check to larceny by false promises and false pretenses. The superseding indictment and the pertinent bill of particulars did not specify a theory of larceny. Additionally, " '[t]he People are not required to specify any particular theory of larceny in the indictment . . . [, and t]he present indictment and discovery provided sufficient information to prepare and present a defense' " (People v Francis, 78 AD3d 1559, 1559 [4th Dept 2010]; see generally People v Pillich, 207 AD2d 1004, 1004 [4th Dept 1994], lv denied 84 NY2d 938 [1994]). Contrary to defendant's further contention in his main brief, we conclude that the court's charge on the law concerning the requisite intent, viewed in its entirety, "fairly instructed the jury on the correct principles of law to be applied to the case and does not require reversal" (People v Ladd, 89 NY2d 893, 896 [1996]). We reject defendant's contention in his main brief that the court erred in denying his request that the jury be instructed on the definition of a check inasmuch as the superseding indictment did not limit the theory of the prosecution to larceny by check, and thus no such definition was required (cf. People v Termotto, 155 AD2d 965, 965 [4th Dept 1989], lv denied 75 NY2d 925 [1990]; see generally Abeel, 67 AD3d at 1409-1410).
We reject defendant's contention in his main and pro se supplemental briefs that the court abused its discretion in admitting evidence that he obtained two other vehicles from other victims by executing a similar plan on two separate occasions. "Evidence of a defendant's prior bad acts may be admissible when it is relevant to a material issue in the case other than defendant's criminal propensity . . . Where there is a proper nonpropensity purpose, the decision whether to admit [such] evidence . . . rests upon the trial court's discretionary balancing of probative value and unfair prejudice" (People v Dorm, 12 NY3d 16, 19 [2009]). Here, the court minimized the potential prejudice to defendant by limiting the evidence to those two instances, rather than the five incidents concerning which the People sought to introduce evidence, and by providing curative instructions throughout the Molineux testimony as well as when charging the jury (see People v Holmes, 104 AD3d 1288, 1289 [4th Dept 2013], lv denied 22 NY3d 1041 [2013]). The court properly concluded that the evidence that it admitted was relevant for a purpose other than defendant's criminal propensity, i.e., to show his intent, the absence of mistake, and common scheme or plan (see generally Dorm, 12 NY3d at 19), and we conclude that its admission was not an abuse of discretion.
We similarly reject defendant's contention in his main brief that the court abused its discretion in its Sandoval ruling, pursuant to which the People were permitted to question defendant, if he chose to testify, about two of his 15 prior theft-related convictions. The convictions "involved acts of dishonesty and thus were probative with respect to the issue of defendant's credibility" (People v Thomas, 165 AD3d 1636, 1637 [4th Dept 2018], lv denied 32 NY3d 1129 [2018], cert denied — US &mdash, 140 S Ct 257 [2019] [internal quotation marks omitted]). We also reject defendant's claim that the court's ruling improperly deterred him from testifying in support of his defense. Defendant's testimony was not " 'the only available source of material testimony in support of his defense' " (People v Scott, 189 AD3d 2062, 2063 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]), and the absence of his testimony did not deprive the jury of "significant material evidence" inasmuch as defendant's grand jury testimony regarding the incident was admitted at trial (People v Grant, 7 NY3d 421, 424 [2006]).
Finally, the sentence is not unduly harsh or severe.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court