People v Baker (2024 NY Slip Op 04006)

People v Baker

2024 NY Slip Op 04006

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, GREENWOOD, AND NOWAK, JJ.

497 KA 23-00978

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LAWRENCE D. BAKER, DEFENDANT-APPELLANT. 

ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS, EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
CHRISTINE CALLANAN, ACTING DISTRICT ATTORNEY, LYONS (CATHERINE A. MENIKOTZ OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wayne County Court (Richard M. Healy, J.), rendered April 5, 2023. The judgment convicted defendant upon a guilty plea of sexual abuse in the first degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Wayne County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of sexual abuse in the first degree (Penal Law § 130.65 [3]). Defendant contends that, contrary to County Court's determination in denying his motion to dismiss the indictment pursuant to CPL 30.30, the People failed to show that they had exercised due diligence and made reasonable efforts to identify mandatory discovery prior to filing their initial certificate of compliance (COC), filed in April 2022, and supplemental COC, filed in July 2022, and therefore the COCs were not proper and the People's declaration of readiness at each of those times was illusory. We agree.
Defendant was arrested on February 1, 2022, and charged, by felony complaint, with course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]), for allegedly engaging in various acts of sexual contact with the victim from 2016 until the summer of 2021. On April 26, 2022, the People filed a COC certifying that they had complied with their discovery obligations under CPL article 245 and declaring that they were ready for trial. In July 2022, defendant was charged, by indictment, with multiple felonies. On July 22, 2022, the People filed a supplemental COC, again certifying that they had complied with their discovery obligations and declaring readiness for trial.
In September 2022, a new prosecutor was assigned to the case and provided defendant, for the first time, with the body-worn camera footage from the date of defendant's arrest. Thereafter, on September 20, defendant moved for an order striking the People's COCs as invalid pursuant to CPL 30.30 (5), an order finding that the People had not complied with their discovery obligations under CPL article 245, and an order dismissing the indictment pursuant to CPL 30.30.
On September 27, 2022, the People turned over additional discovery materials consisting of a forensic report, detailing the results of a search of electronics taken from defendant's home during the execution of a search warrant, and the disciplinary records of nine of the law enforcement "officers listed in discovery." The People also filed a response to defendant's motion to dismiss, conceding that they had failed to turn over several items that CPL article 245 mandated be turned over in discovery, but contending that they had acted in good faith and reasonably under the circumstances and that the "minor oversights" should not invalidate their [*2]April and July 2022 COCs. After oral argument, the court denied the motion, ruling that the July 2022 COC was valid.
Initially, we reject the People's contention that defendant forfeited his right to contest the denial of his statutory speedy trial motion by pleading guilty (see CPL 30.30 [6]; People v Gaskin, 214 AD3d 1353, 1353-1355 [4th Dept 2023]).
"In felony cases such as this one, CPL 30.30 requires the People to be ready for trial within six months of the commencement of the criminal action (CPL 30.30 [1] [a]). Whether the People have satisfied [that] obligation is generally determined by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion" (People v Cortes, 80 NY2d 201, 208 [1992], rearg denied 81 NY2d 1068 [1993]).
"Any statement of trial readiness must be accompanied or preceded by a certification of good faith compliance with the disclosure requirements of [CPL] 245.20" (CPL 30.30 [5]) and, "[n]otwithstanding the provisions of any other law" and "absent an individualized finding of special circumstances in the instant case by the court before which the charge is pending, the prosecution shall not be deemed ready for trial for purposes of [CPL] 30.30 . . . until it has filed a proper certificate pursuant to [CPL 245.50 (1)]" (CPL 245.50 [3]; see People v Bay, 41 NY3d 200, 209-210 [2023]). In sum, "CPL 245.50 (3) and CPL 30.30 (5), taken together, . . . require that the People file a proper COC reflecting that they have complied with their disclosure obligations before they may be deemed ready for trial" (Bay, 41 NY3d at 213-214). The People are thus required, in the COC, to "state that, after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery" and to "identify the items provided" (CPL 245.50 [1]). "CPL 245.60 imposes a continuing duty to disclose, and when the People provide discovery after a COC has been filed, they must file a supplemental COC" (Bay, 41 NY3d at 209; see CPL 245.50 [1]).
Consequently, "[u]nder the terms of the statute, the key question in determining if a proper COC has been filed is whether the prosecution has 'exercis[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery' " (Bay, 41 NY3d at 211, quoting CPL 245.50 [1]; see also CPL 245.20 [2]; 245.50 [3]). "Although the statute nowhere defines 'due diligence,' it is a familiar and flexible standard that requires the People 'to make reasonable efforts' to comply with statutory directives" (Bay, 41 NY3d at 211). "Reasonableness, then, is the touchstone" (id. at 211-212). "An analysis of whether the People made reasonable efforts sufficient to satisfy CPL article 245 is fundamentally case-specific, as with any question of reasonableness, and will turn on the circumstances presented" (id. at 212). Although "[t]here is no rule of 'strict liability' " and thus "the statute does not require or anticipate a 'perfect prosecutor[,]' . . . the plain terms of the statute make clear that while good faith is required, it is not sufficient standing alone and cannot cure a lack of diligence" (id.). In assessing due diligence, "courts should generally consider, among other things, the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery" (id.). "Although belated disclosure will not necessarily establish a lack of due diligence or render an initial COC improper, post-filing disclosure and a supplemental COC cannot compensate for a failure to exercise diligence before the initial COC is filed" (id.).
Where, as here, "a defendant bring[s] a CPL 30.30 motion to dismiss on the ground that the People failed to exercise due diligence and therefore improperly filed a COC, the People bear the burden of establishing that they did, in fact, exercise due diligence and ma[k]e reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure" (id. at 213). "If the prosecution fails to make such a showing, the COC should be deemed improper, the readiness statement stricken as illusory, and—so long as the time chargeable to the People exceeds the applicable CPL 30.30 period—the case dismissed" (id.).
Here, upon our review of the circumstances presented, including the illustrative list of relevant factors set out by the Court of Appeals in Bay, we conclude that the People failed to meet their burden of establishing that they exercised due diligence and made reasonable inquiries prior to filing the July 2022 COC (see id. at 215-216). The People failed to put forward any evidence of their efforts "to ascertain the existence" of either the forensic report or the disciplinary records prior to filing the July 2022 COC (id. at 211, quoting CPL 245.50 [1]). Rather, the People's submissions established that, after they became aware of the materials' existence, they promptly provided them to defense counsel—an assertion that is undisputed. As the Court of Appeals stated in Bay, "post-filing disclosure and a supplemental COC cannot compensate for a failure to exercise diligence before the initial COC is filed" (id. at 212 [emphasis added]). We note in particular that the forensic report was completed more than six months before, upon the case being assigned to a new prosecutor, it was discovered and provided (see id.).
The People failed to preserve for our review their contention that defendant failed to comply with his responsibility to notify the People of any deficiency in their discovery response inasmuch as the People did not raise it in the trial court (see People v Minwalkulet, 198 AD3d 1290, 1291 [4th Dept 2021], lv denied 37 NY3d 1147 [2021]; People v Williams, 137 AD3d 1709, 1710 [4th Dept 2016]) and, thus, this Court has no power to review that contention (see CPL 470.15 [1]; People v Concepcion, 17 NY3d 192, 195 [2011]; People v LaFontaine, 92 NY2d 470, 474 [1998], rearg denied 93 NY2d 849 [1999]).
Inasmuch as the court determined that the July 2022 COC was proper and thus that the People's statement of readiness at that time was not illusory, the court did not rule on whether the time chargeable to the People exceeded the applicable CPL 30.30 period. Where, as here, " 'the record does not reflect that the court ruled on a part of a motion, the failure to rule on that part cannot be deemed a denial thereof' " (People v Session, 206 AD3d 1678, 1682 [4th Dept 2022]; see generally Concepcion, 17 NY3d at 197-198). We therefore hold the case, reserve decision, and remit the matter to County Court to determine whether the People were ready within the requisite time period (see CPL 30.30 [1] [a]; Session, 206 AD3d at 1682).
All concur except Smith, J.P., and Greenwood, J., who dissent and vote to affirm in the following memorandum: We respectfully dissent and would affirm. The sole issue raised on appeal is whether the People " 'exercis[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery' " (People v Bay, 41 NY3d 200, 211 [2023], quoting CPL 245.50 [1]). The belated items of discovery turned over by the People consisted of a five-page document of the forensic analysis of items seized from defendant pursuant to a search warrant, including his computer, and disciplinary records of nine police officers involved in the case. The majority concludes that, solely because these missing items would have been obvious to a prosecutor reviewing the case, the People failed to meet their burden of establishing that they exercised due diligence prior to filing the July 2022 Certificate of Compliance (COC). In our view, the majority has failed to make "a holistic assessment of the People's efforts to comply with the automatic discovery provisions" (People v Cooperman, 225 AD3d 1216, 1220 [4th Dept 2024]), and instead has imposed the very same "rule of 'strict liability' " that the Court of Appeals explicitly instructed courts not to apply (Bay, 41 NY3d at 212).
As the Court of Appeals explained in People v Bay, "[r]easonableness . . . is the touchstone" (id. at 211-212) in determining whether the People have complied with their discovery obligations. The Court clarified that an analysis of whether the People made reasonable efforts is fundamentally case-specific and the statute does not require or anticipate a " 'perfect prosecutor' " (id. at 212). As the majority notes, the Court of Appeals set forth a non-exhaustive list of factors to consider when determining whether the People exercised due diligence, including "the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery" (id.). In our view, the majority fails to apply those factors properly.
Here, the prosecutor candidly admitted that the failure to turn over the forensic report and [*3]police disciplinary records was an oversight. Contrary to the majority's reasoning, however, that does not end the analysis. Considering the other Bay factors, as well as other relevant factors in this case-specific analysis, we conclude that the People met their burden of showing that they exercised due diligence. The People turned over to the defense many items of discovery, which County Court described as "voluminous." It included certain body-worn camera footage, the criminal history of a prosecution witness, grand jury minutes, photographs, search warrants, case paperwork, audio recordings of defendant's interview with the police, 911 documents and recordings, defendant's criminal history, and a forensic interview of the victim. In addition, unlike in Bay, the prosecutor here never erroneously advised defendant or the court that the forensic report and disciplinary records of the police officers in the People's possession did not exist (cf. id. at 215). The record shows that the People simply failed to recognize that those items had not been turned over. The record further shows that the defense never alerted the People to the missing items of discovery (see generally CPL 245.50 [4]).
We therefore conclude, after considering the Bay factors and the circumstances of this case, that the court did not err in concluding that the People met their burden of establishing that they exercised due diligence and made reasonable inquiries prior to filing the July 2022 COC (see generally Bay, 41 NY3d at 211). The record establishes that "the People's failure to disclose [the missing items of discovery] in a timely fashion was inadvertent and without bad faith or a lack of due diligence" (People v Deas, 226 AD3d 823, 826 [2d Dept 2024]; see People v Williams, 224 AD3d 998, 1007 [3d Dept 2024], lv denied — NY3d — [2024]).
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court