People v Posillipo (2026 NY Slip Op 01534)

People v Posillipo

2026 NY Slip Op 01534

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2025-02319
 (Docket No. 60046/24)

[*1]The People of the State of New York, respondent,
vDominick J. Posillipo, appellant.

James D. Licata, New City, NY (Samuel Coe of counsel), for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Melissa Fabi of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Rockland County (IDV Part) (Rachel E. Tanguay, J.), rendered February 5, 2025, convicting him of harassment in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of harassment in the second degree, upon his plea of guilty, in connection with an incident which occurred on May 31, 2024. A misdemeanor information was filed on June 1, 2024, and a warrant was issued for the defendant's arrest on June 5, 2024. On July 17, 2024, the defendant was arrested and was arraigned in the Village of Haverstraw Justice Court. The defendant was represented by the public defender's office at this appearance. The case was transferred to the Supreme Court, Rockland County, for disposition in the Integrated Domestic Violence Court. On July 31, 2024, the public defender's office filed a notice of appearance as counsel for the defendant. On December 6, 2024, the People filed a certificate of compliance, statement of readiness for trial, and certificate of facial sufficiency.
The defendant moved, inter alia, pursuant to CPL 30.30 to dismiss the information on the ground that he was denied his statutory right to a speedy trial. In an order dated January 23, 2025, the Supreme Court, among other things, denied that branch of the defendant's motion, concluding that the period between the filing of the accusatory instrument and the filing of the notice of appearance was excludable because the defendant was without counsel and that the People's statement of readiness for trial was therefore timely.
A defendant who moves pursuant to CPL 30.30 to dismiss an accusatory instrument on speedy trial grounds has the burden of showing that the People failed to declare readiness within the statutorily prescribed period (see People v Ryan, 237 AD3d 754, 755). Once a defendant makes such a showing, "the People bear the burden of establishing sufficient excludable delay" (id.). However, "CPL 30.30(4)(f) expressly excludes from the period of time within which the People must be ready for trial any period of time 'during which the defendant is without counsel through no fault of the court'" (People v Huger, 167 AD3d 1042, 1043, quoting CPL 30.30[4][f]).
Here, in opposition to that branch of the defendant's motion which was pursuant to CPL 30.30 to dismiss the information, the People demonstrated the applicability of the exception under CPL 30.30(4) based on the fact that the defendant was not represented by counsel until the public defender's office filed the notice of appearance on July 31, 2024 (People v Yannarilli, 191 AD3d 1327, 1328).
Accordingly, we affirm the judgment.
In light of our determination, we need not address the defendant's remaining contention.
CONNOLLY, J.P., WARHIT, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court